Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin and Logan Flake, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio, in his official capacity as Sheriff of the Maricopa County Sheriff's Office, and in his personal capacity along with his wife Ava J. Arpaio; Maricopa County, by and through the Maricopa County Board of Supervisors Denny Barney, Steve Chucri, Andy Kunasek, Clint Hickman, and Steve Gallardo, in their official capacities,<br><br>Defendants. | No. CV-15-01132-PHX-DLR<br><br>**ANSWER** |

Defendants Joseph Michael Arpaio and Ava J. Arpaio (collectively "Arpaio") and Maricopa County by and through the Maricopa County Board of Supervisors Denny Barney, Steve Chucri, Andy Kunasek, Clint Hickman, and Steve Gallardo, in their official capacities ("Maricopa County" and, collectively with defendants Arpaio, "Defendants") respond to the Complaint of plaintiffs Austin and Logan Flake ("Plaintiffs") as follows:[1]

## **JURISDICTION**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

---

[1] Note:  Except as to allegations directed specifically to him, all of Defendant Arpaio's responses are based on information and belief, as they are founded upon the actions of others, principally MCSO deputies, and are subject to that limitation. Defendant Maricopa County, which is presumably named in this lawsuit on the theory that it is liable for the actions of MCSO, simply has no knowledge of the matters described in Plaintiffs' Complaint.

1281473.v1

2. Defendants admit that Plaintiffs served a Notice of Claim more than sixty days prior to filing their Complaint, and that Defendants have not responded to the Notice of Claim; assert that there is no Amended Complaint as alleged, and that to the extent Plaintiffs purport to incorporate by reference the "facts and allegations" contained in their Notice of Claim, such "kitchen sink" pleading violates FRCP 8(a) (requiring a short and plain statement of Plaintiffs' claim), FRCP 8(d) (requiring each allegation to be simple, concise, and direct), and FRCP 10(b) (requiring claims to be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances); and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Defendants admit the allegations contained in paragraph 3.

**GENERAL ALLEGATIONS**

4. Upon information and belief, admit the allegations contained in paragraph 4.

5. Defendants admit the allegations contained in the first sentence of paragraph 5; deny the allegations contained in the last sentence of paragraph 5; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

6. Defendants admit that Maricopa County is a political subdivision of the State of Arizona; assert that the Maricopa County Sheriff's Office ("MCSO") is a non-jural entity and is an administrative arm of the office of the Sheriff, rather than of Maricopa County; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendant Arpaio admits the allegations contained in the first sentence of paragraph 8; and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the

2

allegations contained in that paragraph.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendant Arpaio admits that he did not run for the United States Senate in 2012; asserts that in 2011, responding to the results of an opinion poll, he stated that the "door is open right now, but . . . I'm campaigning for sheriff"; and denies the remaining allegations contained in paragraph 10. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

11. Defendant Arpaio admits that Senator Flake had publicly voiced opinions critical of the so-called birther movement; and denies the remaining allegations contained in paragraph 11. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

12. Defendant Arpaio denies the allegations contained in paragraph 12. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

13. Defendant Arpaio denies the allegations contained in paragraph 13. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14; and assert that if Plaintiffs are referring to a specific statement they should identify the specific statement to which they refer.

15. Defendant Arpaio denies the allegations contained in paragraph 15. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

16. Defendant Arpaio denies the allegations contained in paragraph 16. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

3

17. Defendant Arpaio denies the allegations contained in paragraph 17. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

18. Defendant Arpaio admits that MCSO Chief of Enforcement Operations Command David Trombi reviewed certain phone records of Plaintiffs for an entirely different purpose than that alleged by Plaintiffs; and denies the remaining allegations contained in paragraph 18. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

19. Defendant Arpaio denies the allegations contained in paragraph 19. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

20. Defendant Arpaio denies the allegations contained in paragraph 20. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

21. Defendant Arpaio denies the allegations contained in paragraph 21. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

22. Defendant Arpaio denies the allegations contained in paragraph 22. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

23. Upon information and belief, Defendant Arpaio admits the allegations contained in the last sentence of paragraph 23; and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

24. Defendant Arpaio denies the allegations contained in the first sentence of paragraph 24; and is without knowledge or information sufficient to form a belief as to the

1281473.v1

truth of the remaining allegations contained in that paragraph. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Defendant Arpaio admits the allegations contained in the first sentence of paragraph 26; asserts that Jesse Todd Hughes stated that the air conditioning failed because the dogs had chewed through a wire; and denies the remaining allegations contained in that paragraph 26. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Defendant Arpaio asserts that MCSO issued a press release on June 23, 2014, in which he reiterated his promise to fully investigate why so many dogs died a needless and horrible death; and denies the remaining allegations contained in paragraph 29. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

30. Defendant Arpaio asserts that MCSO hired an expert to investigate several issues concerning the HVAC system, as detailed in Exhibit C to Plaintiffs' Complaint (the Engineering Examination and Analysis Report #1 or "Engineering Report"); and denies the remaining allegations contained in paragraph 30, including the allegation that the Engineering Report was secured at his direction. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

31. Defendants assert that the allegations contained in paragraph 31 are an edited, incomplete, and misleading misstatement of the Engineering Report; deny that the

1281473.v1

allegations contained in paragraph 31 accurately describe the conclusions set out in the Engineering Report, which included the opinion that "the HVAC system was inadequate and improperly configured for this type of utilization of the 'dog room'" and that "[t]his inadequate condition was exacerbated by the airflow limitations with the closed room"; refer to the Engineering Report, Exhibit C to Plaintiffs' Complaint; and otherwise deny the allegations contained in that paragraph.

32.   Defendant Arpaio admits that MCSO obtained a court order for the home's electrical records; and denies that the order was obtained at his direction, as alleged in paragraph 32.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

33.   Defendant Arpaio admits the allegations contained in the first sentence of paragraph 33; asserts that the allegations that what is shown on the SRP report is inconsistent with Plaintiffs' other allegations, including the first sentence of paragraph 34; and denies the remaining allegations contained in that paragraph.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

34.   Defendant Arpaio admits the allegations contained in paragraph 34. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

35.   Defendant Arpaio admits that Deputy Kalinowski subsequently authored a report; and denies that the report contained false statements, as alleged in paragraph 35. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

36.   Defendant Arpaio denies the allegations contained in paragraph 36. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

37.   Defendant Arpaio denies the allegations contained in paragraph 37. Defendant Maricopa County is without knowledge or information sufficient to form a

1281473.v1

belief as to the truth of the allegations contained in that paragraph.

38. Defendant Arpaio denies the allegations contained in paragraph 38. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

39. The allegations contained in paragraph 39 are an assertion of law, as to which no response is required.

40. Defendant Arpaio denies the allegations contained in paragraph 40. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

41. Defendant Arpaio asserts that the allegations contained in paragraph 41 are an incomplete statement of the substance of the September 9, 2014 press conference, that a number of matters were discussed at that press conference, both in the form of statements and in the form of responses to questions asked, and that among the statements made were that there were four targets of the MCSO investigation, that the Maricopa County Attorney's Office would review the charges, and that MCSO was recommending the filing of 21 felony counts (one for each dead animal) as well as several misdemeanor counts; and otherwise denies the allegations contained in that paragraph. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

42. Defendant Arpaio denies the allegations contained in paragraph 42. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

43. Defendant Arpaio denies the allegations contained in paragraph 43. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

44. Defendant Arpaio denies the allegations contained in paragraph 44; and asserts that the decision whether to bring charges rested with the Maricopa County Attorney's Office. Defendant Maricopa County is without knowledge or information

1281473.v1

sufficient to form a belief as to the truth of the allegations contained in that paragraph.

45. The allegations contained in paragraph 45 are an assertion of law, as to which no response is required. The definition of cruelty to animals is set forth in A.R.S. §13-2910(A).

46. Defendant Arpaio denies the allegations contained in paragraph 46. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

47. Defendant Arpaio denies the allegations contained in paragraph 47. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

48. Defendant Arpaio denies the allegations contained in paragraph 48. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

49. Defendant Arpaio admits that on October 10, 2014, the Maricopa County Attorney's Office brought the case to a grand jury; and denies the remaining allegations contained in paragraph 49. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

50. Defendant Arpaio admits the allegations contained in the second sentence of paragraph 50; and denies the remaining allegations contained in that paragraph. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

51. Defendant Arpaio admits that Detective Marie Trombi is the sister of David Trombi, who is the Chief of the MCSO Enforcement Operations Command and as such is a trusted member of the MCSO team; and denies the remaining allegations contained in paragraph 51. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

52. Defendant Arpaio denies the allegations contained in paragraph 52.

1281473.v1

Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

53. Defendant Arpaio admits the allegations contained in paragraph 53. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

54. Defendant Arpaio denies the allegations contained in paragraph 54. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

55. Defendant Arpaio denies the allegations contained in paragraph 55, including without limitation the allegation that MCSO, as opposed to MCAO, presented any case to the grand jury.  Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice."  Consequently, Defendants are not at liberty to address specifics of grand jury testimony.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

56. Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice."  Consequently, Defendants are not at liberty to address specifics of grand jury testimony.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

57. Defendant Arpaio denies the allegation contained in paragraph 57 that Detective Trombi made any false statements to the grand jury; asserts that the allegations contained in that paragraph misstate the substance of the Engineering Report.  Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance

9

1281473.v1

of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice." Consequently, Defendants are not at liberty to address specifics of grand jury testimony. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

58. Defendants deny the allegations contained in paragraph 58.

59. Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice." Consequently, Defendants are not at liberty to address specifics of grand jury testimony. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice." Consequently, Defendants are not at liberty to address specifics of grand jury testimony. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. Defendant Arpaio denies that MCSO deputies provided false testimony. Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice." Consequently, Defendants are not at liberty to address specifics of grand jury testimony. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations

1281473.v1

contained in paragraph 61.

62.     Defendant Arpaio admits that veterinarian Bernard Mangone, who is not an employee of MCSO, testified before the grand jury; and asserts that Dr. Mangone responded to all questions asked of him.  Pursuant to A.R.S. §13-2812, it is a class 1 misdemeanor to knowingly disclose the nature or substance of any grand jury testimony "except in the proper discharge of official duties, at the discretion of the prosecutor to inform a victim of the status of the case or when permitted by the court in furtherance of justice."  Consequently, Defendants are not at liberty to address specifics of grand jury testimony.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Defendant Arpaio admits that the grand jury indicted the Flakes for 21 felony counts of animal cruelty, and 6 counts of misdemeanor animal cruelty on Tuesday, October 14, 2014; and denies the remaining allegations contained in paragraph 63. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

65.     Defendant Arpaio admits that Plaintiffs were finger printed and their mug shots taken; and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 65.  Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

66.     Defendant Arpaio denies the allegations contained in paragraph 66. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

67.     Defendant Arpaio admits that paragraph 67 accurately describes the initial release conditions; and denies the remaining allegations contained in that paragraph. Defendant Maricopa County is without knowledge or information sufficient to form a

11

belief as to the truth of the allegations contained in that paragraph.

68.     Defendant Arpaio admits that on December 2, 2014, Plaintiffs' counsel filed a motion to dismiss; and denies the remaining allegations contained in paragraph 68. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

69.     Defendant Arpaio admits that on December 23, 2014, MCAO moved to dismiss the case; and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71.     Defendant Arpaio admits the allegations contained in paragraph 71. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

72.     Defendant Arpaio admits that he addressed the media on May 6, 2015; and asserts that he stated that he was disappointed but that he understood that the objective of MCAO is to secure a conviction; and denies the remaining allegations contained in paragraph 72. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

73.     Defendant Arpaio denies the allegations contained in paragraph 73. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

## **COUNT ONE**

74.     Defendants incorporate their responses to the allegations contained in paragraphs 1 through 73, in response to the allegations contained in paragraph 74.

75.     Defendant Arpaio asserts that he and all MCSO personnel acted at all times in accordance with their Constitutional and statutory duties. Defendant Maricopa County

12

1281473.v1

denies the allegations contained in paragraph 75 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

76. Defendant Arpaio denies the allegations contained in paragraph 76. Defendant Maricopa County denies the allegations contained in paragraph 76 to the extent those allegations are directed at it (as part of "all defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

77. Defendant Arpaio denies the allegations contained in paragraph 77. Defendant Maricopa County denies the allegations contained in paragraph 77 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

78. Defendant Arpaio denies the allegations contained in paragraph 78. Defendant Maricopa County denies the allegations contained in paragraph 78 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

79. Defendant Arpaio denies the allegations contained in paragraph 79. Defendant Maricopa County denies the allegations contained in paragraph 79 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

80. Defendant Arpaio asserts that he is a Constitutional officer of Maricopa County; and denies the remaining allegations contained in paragraph 80. Defendant Maricopa County likewise asserts that Sheriff Arpaio is a Constitutional officer of Maricopa County; and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

1281473.v1

81. Defendant Arpaio denies the allegations contained in paragraph 81. Defendant Maricopa County denies the allegations contained in paragraph 81 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

82. Defendant Arpaio denies the allegations contained in paragraph 82. Defendant Maricopa County denies the allegations contained in paragraph 82 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

## COUNT TWO

83. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 82, in response to the allegations contained in paragraph 83.

84. Defendant Arpaio denies the allegations contained in paragraph 84. Defendant Maricopa County denies the allegations contained in paragraph 84 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

85. Defendant Arpaio denies the allegations contained in paragraph 85. Defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

86. Defendant Arpaio denies the allegations contained in paragraph 86. Defendant Maricopa County denies the allegations contained in paragraph 86 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

## COUNT THREE

87. Defendants incorporate their responses to the allegations contained in

1281473.v1

paragraphs 1 through 86, in response to the allegations contained in paragraph 87.

88. Defendant Arpaio denies the allegations contained in paragraph 88. Defendant Maricopa County denies the allegations contained in paragraph 88 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

89. Defendant Arpaio denies the allegations contained in paragraph 89. Defendant Maricopa County denies the allegations contained in paragraph 89 to the extent those allegations are directed at it (as part of "Defendants"); and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

90. Defendants deny each and every allegation of Plaintiffs' Complaint not specifically responded to herein.

## ADDITIONAL DEFENSES

91. Plaintiffs' claims against Defendant Arpaio are barred by the doctrines of qualified or absolute immunity.

92. Plaintiffs' claims against Maricopa County are barred under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978) and *Fridena v. Maricopa County,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

93. Plaintiffs' claims for punitive damages are barred against all Defendants.

94. Plaintiffs' claims are barred by the existence of probable cause.

95. Any liability must be apportioned among all parties at fault, including both Plaintiffs and others who are not parties to this lawsuit, including Jesse Todd Hughes and Malesia Hughes.

96. Plaintiffs' Complaint fails, in whole or on part, to state claims upon which relief may be granted.

97. Plaintiffs' claims are barred by the existence of a superseding/intervening cause.

15

1281473.v1

98.     Defendants reserve the right to assert such additional defenses as further proceedings in this case may warrant.

Wherefore, Defendants request that Plaintiffs' Complaint and this action be dismissed with prejudice, that the Court award Defendants their taxable costs and, if recoverable, attorneys' fees incurred in defending this action, and that the Court grant Defendants such further relief as may be appropriate.

DATED this 24th day of July, 2015.

                        SACKS TIERNEY P.A.


                        By: s/ *Jeffrey S. Leonard*
                             Jeffrey S. Leonard
                             Attorneys for Defendants

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

1281473.v1

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2015, I electronically transmitted the foregoing ANSWER to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Dennis I. Wilenchik
>John "Jack" D. Wilenchik
>WILENCHIK & BARTNESS
>The Wilenchik & Bartness Building
>2810 North Third Street
>Phoenix, AZ 85004
>*Attorneys for Plaintiffs*

*s/ Frances Fulwiler*

1281473.v1