Stephen Montoya (#011791)
stephen@montoyalawgroup.com
Montoya, Jimenez, Lucero & Pastor, P.A.
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)

Attorney for Plaintiffs

Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin and Logan Flake, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio; et al.,<br><br>Defendants. | No. CV-15-01132-PHX-NVW<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE CONCERNING USE AND DISTRIBUTION OF DEPOSITION TESTIMONY** |

The parties submit the following joint statement of a discovery dispute concerning the use and distribution of deposition testimony. Counsel certify that they have attempted to resolve the matter through personal consultation (by telephone) and sincere effort as required by LRCiv 7.2(j) and have reached an impasse.

Defendants' Position. Each side has several depositions scheduled. Defendant Arpaio's deposition was originally noticed by plaintiffs on June 20, for a deposition on July 14. On July 11, plaintiffs served an amended notice of defendant Arpaio's July 14 deposition, stating that the deposition would be recorded on video. Substantial press and social media coverage immediately followed. Defendants' counsel requested an agreement

1505751.v2

that the deposition (and this would be true of all the depositions) be used only for the purposes of this litigation or otherwise in compliance with the rules of civil procedure, but not for other non-litigation purposes, such as release to the press.  The request has been refused.[1]

Plaintiffs' Position.  "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." San Jose Mercury News v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999). This "presumption in favor of freedom of dissemination" is recognized under Fed. R. Civ. P. 26. Humboldt Baykeeper v. Union Pac. R.R., 244 F.R.D. 560, 563 (N.D. Cal. 2007). "Placed by the law on the scales before the trial court begins any 'balancing,' this presumption pre-weights the scales against restricting a party's lawful use or dissemination of discovered information." Id.

The Ninth Circuit's decision in Foltz v. State Farm, 331 F.3d 1122, 1130-1130 (9th Cir. 2003), is instructive. In that case, the Court held that that to satisfy the "good cause" showing for entry of a protective order under Fed. R. Civ. P. 26(c) for the sealing of a particular record, the moving party must make "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." Id.  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips v. General Motors, 307 F.3d 1206, 1211 (9th Cir. 2002).  See also In re Roman Catholic Archbishop, 661 F.3d 417, 425 n.5 (9th Cir. 2011) (in evaluating whether a party has shown good cause for a protective order, courts consider "whether a party benefitting from the order of confidentiality is a public entity or official," and "whether the case involves issues important to the public"). In this case, Defendants have not identified any "particularized harm" supported by evidence that would result from the disclosure of the depositions.  Moreover, even if Defendants could

---

[1] Defendants have attempted to limit their portion of this statement to an explanation of the parties' disagreement, so as to meet the Court's one-page standard, rather than to argue their position.  Defendants believe that plaintiffs' authorities are inapposite.

2

identify some non-speculative, particularized harm, it would be outweighed by the substantial public interest in this case.

DATED this 13th day of July, 2016.

**SACKS TIERNEY P.A.**

s/ *Jeffrey S. Leonard*
Jeffrey S. Leonard
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

**MONTOYA, JIMENEZ, LUCERO & PASTOR, P.A.**

s/ *Stephen Montoya*
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiffs

1505751.v2

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Stephen Montoya
> MONTOYA, JIMENEZ, LUCERO & PASTOR, P.A.
> The Great American Tower
> 3200 North Central Avenue, Suite 2550
> Phoenix, AZ 85012
>
> Richard Trujillo
> RADER, SHELDON & STOUTNER, PLLC
> 11260 North Tatum Blvd., Ste. 143D
> Phoenix, AZ 85028
> *Attorneys for Plaintiffs*

*s/ Frances Fulwiler*

1505751.v2