Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
Sharon B. Shively (SBN 009292)
Sharon.Shively@SacksTierney.com
Evan F. Hiller (SBN 028214)
Evan.Hiller@SacksTierney.com
Sacks Tierney P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin and Logan Flake, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio; et al.,<br><br>Defendants. | No. CV-15-01132-PHX-NVW<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

For their answer to plaintiffs' Third Amended Complaint, defendants Joseph Arpaio, in his personal and official capacities, Ava J. Arpaio, in her personal capacity as the spouse of Joseph Arpaio (collectively, "Arpaio"), Marie Trombi, in her personal capacity ("Trombi"), and Maricopa County, a political subdivision of the State of Arizona ("Maricopa County" and, collectively with defendants Arpaio and Trombi, "Defendants"), respond to the Third Amended Complaint as follows:[1]

1. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

---

[1] Note: Except as to allegations directed specifically to him, all of Defendant Arpaio's responses are based on information and belief, as they are founded upon the actions of others, principally MCSO deputies, and are subject to that limitation. Defendant Maricopa County, which is presumably named in this lawsuit on the theory that it is liable for the actions of MCSO, simply has no knowledge of the matters described in Plaintiffs' Complaint, except as noted in this Answer.

1549224.v1

## General Allegations

3. Admit the allegations contained in paragraph 3.

4. Assert that the plaintiff identified as Logan Flake is, according to her testimony, legally known as Logan Brown and otherwise known as Logan Kindt; and admit the remaining allegations contained in paragraph 4.

5. Admit the allegations contained in paragraph 5.

6. Admit the allegations contained in paragraph 6.

7. Defendants Arpaio deny the allegations contained in paragraph 7; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

8. Admit the allegations contained in paragraph 8.

9. Admit that defendant Trombi was acting within the scope of her employment; and are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 9.

10. Amit the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Admit that Sheriff Arpaio is the final decision maker as to certain matters of law enforcement in Maricopa County, Arizona, pursuant and subject to applicable provisions of the Constitution of the State of Arizona and Arizona statutes; and otherwise deny the allegations contained in paragraph 12.

13. Defendant Arpaio denies that he acted as alleged in plaintiffs' Second Amended Complaint; but admits that such actions as he undertook with respect to plaintiffs were within the course and scope of his office as Sheriff of Maricopa County, and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 13; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Admit the allegations contained in paragraph 14.

15. Admit the allegations contained in paragraph 15.

1549224.v1

16. Admit the allegations contained in paragraph 16.

17. Deny that plaintiffs were "house sitting" as alleged in paragraph 17; assert that plaintiffs had at the time alleged, assumed the responsibility of running the dog boarding business operated by Logan Brown's parents, including the care of almost 30 dogs belonging to others; and otherwise deny the allegations contained in that paragraph.

18. Admit that plaintiffs were responsible for the dog care business that Logan Brown's parents operated out of their home; assert that they were also responsible for a number of children, including Logan Brown's siblings; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19; and assert that if the business boarded 15 to 30 dogs as alleged, that number far exceeded representations that had been made to customers of the business.

20. Deny the allegations contained in paragraph 20.

21. Admit that a rise in temperature was at least one contributing factor to the death of the dogs; and deny the remaining allegations contained in paragraph 21, specifically including the allegation that the dogs' death resulted from an unexpected failure of the air conditioning system.

22. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22; assert that plaintiffs themselves told MCSO deputies that, when discovered in the morning, several of the dogs were deceased and several were very ill; and further assert that certain dogs survived for hours after their discovery.

23. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23; and assert that plaintiffs' "efforts" were likely unavailing at least in part because the measures to which they resorted were inappropriate, and that plaintiffs failed to take appropriate measures, including contacting a

3

veterinarian.

24. Admit the allegations contained in paragraph 24.

25. Assert that Jesse Hughes told the deputies that the air conditioning had failed because the dogs had chewed through a wire, cutting the power and causing the air to cease functioning; and are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 25.

26. Admit that paragraph 26 states what plaintiff Austin Flake told the deputies, except that the investigative report does not reflect that he told the deputies that the air conditioning was not working at 5:30 in the morning; and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph, including the accuracy of what Mr. Flake stated.

27. Assert that plaintiffs had reason to know that facilities provided for the number of dogs boarded, including the air conditioning, were inadequate; further assert that the air conditioning system did not in fact fail; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. Upon information and belief, admit the allegations contained in paragraph 28.

29. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29; except deny that the air conditioning system unexpectedly failed in the early hours of June 20, 2014.

30. Assert that the Hughes' home had more than two air conditioning units, two being central systems and two being window mounted units; and consequently deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31, and specifically the allegation that the air conditioning system cooling the kennel failed.

32. Admit that a deputy made a statement including the words quoted; refer to the deputy's entire statement for its content and context; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained

4

in paragraph 32.

33. Deny that paragraph 33 is an accurate statement of the contents of the referenced press release; refer to the press release for its content and context; and otherwise deny the allegations contained in that paragraph.

34. Admit the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Defendant Arpaio denies the allegations contained in paragraph 37; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

38. Defendant Arpaio asserts that the allegation contained in paragraph 38 is proffered as an "example" of an allegation that he has denied, and therefore denies such allegation; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

39. Defendant Arpaio asserts that in 2011, responding to the results of an opinion poll, he stated that the "door is open right now, but . . . I'm campaigning for sheriff"; and denies the remaining allegations contained in paragraph 39; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

40. Defendant Arpaio denies the allegations contained in paragraph 40; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

41. Defendant Arpaio denies the allegations contained in paragraph 41; defendant Trombi denies that MCSO attempted to connect Senator Jeff Flake with the death of the dogs, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph; and defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the

5

allegations contained in that paragraph.

42. Defendants Arpaio and Trombi assert that the allegation contained in paragraph 42 is proffered as an "example" of an allegation that has been denied, and therefore deny such allegation; upon information and belief, defendants Arpaio and Trombi admit that MCSO Chief of Enforcement Operations Command David Trombi reviewed certain phone records of Plaintiffs for an entirely different purpose than that alleged by plaintiffs; and deny the remaining allegations contained in that paragraph; defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

43. Upon information and belief, defendants Arpaio and Trombi deny the allegations contained in paragraph 43; defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

44. Defendant Arpaio denies the allegations contained in paragraph 44; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

45. Admit that MCSO hired an expert to investigate several issues concerning the HVAC system, as set out at pages 3-4 of the Engineering Report; and deny the remaining allegations contained in paragraph 45.

46. Assert that the allegations contained in paragraph 46 are an edited, incomplete, and misleading misstatement of the Engineering Report; deny that the allegations contained in that paragraph accurately describe the conclusions set out in the Engineering Report, which included the opinion that "the HVAC system was inadequate and improperly configured for this type of utilization of the 'dog room'" and that "[t]his inadequate condition was exacerbated by the airflow limitations with the closed room"; refer to the Engineering Report for its content and context; further assert that the investigation reflected in the Engineering Report was made without the benefit of the Salt River Project electrical usage data, which has since been made available, and that a

6

1549224.v1

supplemental report has since been prepared reflecting consideration of that SRP data; and otherwise deny the allegations contained in that paragraph.

47. Upon information and belief, Defendants Arpaio and Trombi admit that MCSO obtained a court order as alleged in paragraph 47, and deny the remaining allegations contained in that paragraph; defendant Maricopa County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

48. Admit that MCSO received a report from SRP; refer to the report for its contents and context, and deny the remaining allegations contained in paragraph 48.

49. Deny that the allegations contained in paragraph 49 accurately describe the SRP report; refer to the SRP report for its contents and context; assert that the allegations in that paragraph are inconsistent with plaintiffs' other allegations; and otherwise deny the allegations contained in that paragraph.

50. Deny that the allegations contained in paragraph 50 accurately describe the SRP report, as what that report "clearly" shows is continued electrical usage until the time when plaintiff Austin Flake has stated that he disconnected the power to the air conditioning unit; refer to the SRP report for its contents and context; and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

51. Deny the allegations contained in paragraph 51; and assert that, in fact, had the air conditioning unit failed in the manner asserted by plaintiffs, the electrical usage would have increased rather than decreased.

52. Upon information and belief, admit the allegations contained in paragraph 52.

53. Upon information and belief, admit the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Assert that the allegations contained in paragraph 57 are an incomplete

7

1549224.v1

statement of the substance of the September 9, 2014 press briefing, that a number of matters were discussed at that press conference, both in the form of statements and in the form of responses to questions asked, and that among the statements made were that there were four targets of the MCSO investigation, that the Maricopa County Attorney's Office would review the charges, and that MCSO was recommending the filing of 21 felony counts (one for each dead animal) as well as several misdemeanor counts; and otherwise deny the allegations contained in that paragraph.

58. Admit that what is represented to be a transcript of the September 9, 2014 press briefing is attached to the Third Amended Complaint as Exhibit 2, but cannot state whether Exhibit 2 is a "true and correct transcript" as alleged, and so lack knowledge or information sufficient to form a belief as to whether it is such, as alleged in paragraph 58.

59. Deny that the press briefing served no valid law enforcement purpose; defendant Arpaio further denies the remaining allegations contained in paragraph 59; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that paragraph.

60. Defendant Arpaio denies the allegations contained in paragraph 60; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

61. Deny the allegations contained in paragraph 61.

62. Admit that the Maricopa County Attorney's Office presented charges to a Maricopa County Grand Jury; assert that the decision to do so was that of the Maricopa County Attorney's Office; and otherwise deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

65. Deny the allegations contained in paragraph 65.

66. Deny the allegations contained in paragraph 66; refer to the SRP report for its contents and context; and assert that the allegations in that paragraph are inconsistent with plaintiffs' other allegations.

8

1549224.v1

67. Assert that the allegations contained in paragraph 67 are an edited, incomplete, and misleading misstatement of the Engineering Report; deny that the allegations contained in paragraph 67 accurately describe the conclusions set out in the Engineering Report, which included the opinion that "the HVAC system was inadequate and improperly configured for this type of utilization of the 'dog room'" and that "[t]his inadequate condition was exacerbated by the airflow limitations with the closed room"; refer to the Engineering Report for its content and context; further assert that the investigation reflected in the Engineering Report was made without the benefit of the Salt River Project electrical usage data, which has since been made available, and that a supplemental report has since been prepared reflecting the factoring in of that SRP data; and otherwise deny the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

69. Admit that the grand jury handed down indictments as alleged; and otherwise deny the allegations contained in paragraph 69, specifically including the allegation that the grand jury's actions were the result of any misconduct.

70. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70.

71. Admit that on December 2, 2014, plaintiffs' legal counsel filed a motion in the criminal proceeding; assert that the motion was titled Motion for Remand to the Grand Jury; refer to the motion for its contents; and deny the remaining allegations contained in paragraph 71.

72. Admit that the Maricopa County Attorney's Office moved to dismiss the criminal case against plaintiffs; refer to the motion for its contents; and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

### Count I (Malicious Prosecution)

74. Defendants incorporate their responses to the allegations contained in

9

paragraphs 1 through 73, in response to the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75.

76. Deny the allegations contained in paragraph 76.

77. Defendant Arpaio denies the allegations contained in paragraph 77; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

78. Defendant Trombi denies the allegations contained in paragraph 78; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

79. Are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

### Count II (Defamation)

80. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 79, in response to the allegations contained in paragraph 80.

81. Defendant Arpaio denies the allegations contained in paragraph 81; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

82. Defendant Arpaio denies the allegations contained in paragraph 82; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

### Count III (False Light Invasion of Privacy)

83. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 82, in response to the allegations contained in paragraph 83.

84. Defendant Arpaio denies the allegations contained in paragraph 84; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

85. Defendant Arpaio denies the allegations contained in paragraph 85; the remaining defendants are without knowledge or information sufficient to form a belief as to

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

the truth of the allegations contained in that paragraph.

**Count IV ("Free" (sic) Amendment Retaliation and Freedom of Association)**

86. Defendants incorporate their responses to the allegations contained in paragraphs 1 through 85, in response to the allegations contained in paragraph 86.

87. Defendant Arpaio denies the allegations contained in paragraph 87; the remaining defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

88. Defendants admit the allegations contained in paragraph 88.

**Denial of Matters Not Admitted**

89. Defendants deny each and every allegation contained in the Third Amended Complaint not explicitly admitted or otherwise responded to herein.

**Additional Defenses**

90. Plaintiffs' claims against Defendants Arpaio and Trombi are barred by the doctrines of qualified or absolute immunity.

91. Plaintiffs' claims against Maricopa County are barred under *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978) and *Fridena v. Maricopa County,* 18 Ariz. App. 527, 504 P.2d 58 (1972).

92. Plaintiffs' claims for punitive damages are barred pursuant to state and federal law.

93. Plaintiffs' claims are barred by the existence of probable cause.

94. Any tort liability must be apportioned among all parties at fault, including both Plaintiffs and others who are not parties to this lawsuit, including Jesse Todd Hughes and Malesia Hughes.

95. Plaintiffs' Third Amended Complaint fails, in whole or in part, to state claims upon which relief may be granted.

96. Plaintiffs' claims are barred by the existence of a superseding/intervening cause.

97. Plaintiffs' defamation claims are barred by limitations.

11

1549224.v1

98. Defendants reserve the right to assert such additional defenses as further proceedings in this case may warrant.

Wherefore, Defendants request that Plaintiffs' Third Amended Complaint and this action be dismissed with prejudice as to them, that the Court award Defendants their taxable costs and, if recoverable, attorneys' fees incurred in defending this action, and that the Court grant Defendants such further relief as may be appropriate.

DATED this 23rd day of September, 2016.

SACKS TIERNEY P.A.

*s/ Jeffrey S. Leonard*
Jeffrey S. Leonard
Attorneys for Defendants

1549224.v1

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen Montoya
MONTOYA, JIMENEZ, LUCERO & PASTOR, P.A.
The Great American Tower
3200 North Central Avenue, Suite 2550
Phoenix, AZ 85012

Richard Trujillo
RADER, SHELDON & STOUTNER, PLLC
11260 North Tatum Blvd., Ste. 143D
Phoenix, AZ 85028
*Attorneys for Plaintiffs*

*s/ Frances Fulwiler*

13

1549224.v1