Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
Evan F. Hiller (SBN 028214)
Evan.Hiller@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>               Plaintiffs,<br>    v.<br>Joseph Michael Arpaio; et al.,<br><br>               Defendants. | No. CV-15-01132-PHX-NVW<br><br>**DEFENDANTS' TRIAL BRIEF** |

      Pursuant to the Court's form of Joint Proposed Final Pretrial Order, and as required by the Court's Order Setting Final Pretrial Conference (Doc. 135), as amended (Doc. 139), Defendants hereby submit their trial brief on contested issues of law. Each such contested issue of law is addressed below under a separate subheading.

### Issue No. 1: Prosecutor's Independent Decision

**A.    The presumption of independent prosecutorial judgment applies to state-law claims.**

      In ruling on the parties' summary judgment motions in this matter, the Court stated that "it is unclear whether Arizona law imposes a *presumption* that prosecutors acted independently or simply leaves intact the plaintiff's usual burden of proof." Doc. 134 at 9 (emphasis original). However, the District of Arizona has previously applied the presumption of prosecutorial independence to state-law malicious prosecution claims. *See West v. City of Mesa*, 128 F.Supp.3d 1233, 1241 (D. Ariz. 2015) (Hon. David G, Campbell); *Manriquez v. City of Phoenix*, No. CV-11-1981-PHX-SMM, 2014 WL 1319297, at *7-9 (D. Ariz. Mar. 31, 2014) (Hon. Stephen M. McNamee), *aff'd*, 654

F.App'x 350, 352 (9th Cir. 2016) (applying presumption to both federal and state law malicious prosecution claims). Thus, the presumption of prosecutorial independence exists in Arizona and must be overcome by Plaintiffs.

**B.      Independent prosecutorial judgment is a complete defense.**

Even if a presumption is not applied, a prosecutor's independent decision to bring charges is a complete defense to a malicious prosecution claim against an investigating or arresting officer. *Bressi v. Ford*, 575 F.3d 891, 899 (9th Cir. 2009) ("Arizona law holds that when a criminal prosecutor judges the propriety of proceeding with a case and acts on his own initiative in doing so, a malicious prosecution claim will not lie.") (citing *Walsh v. Eberlein*, 560 P.2d 1249, 1252 (Ariz. Ct. App. 1976)); *Al-Asadi v. City of Phoenix*, No. CV-09-47-PHX-DGC, 2010 WL 3419728, at *9 (D. Ariz. Aug. 27, 2010) (same).

This comports with the Restatement (Second) of Torts principle that while one who procures a third person to institute criminal proceedings against another (which did not occur here in any event) may be liable under the same conditions as though he had himself initiated the proceedings, "[t]he giving of information or the making of the accusation . . . does not constitute a procurement of the proceedings that the third person initiates if it is left to the uncontrolled choice of the third person to bring the proceedings or not as he may see fit." RESTATEMENT (SECOND) OF TORTS, §653, Comment d. "In the absence of law to the contrary, Arizona follows the Restatement." *Webster v. Culbertson*, 761 P.2d 1063, 1066 (Ariz. 1988).

There is not sufficient evidence – none, in fact – on which a jury could conclude that MCSO "made false reports to the prosecutor, omitted material information for the reports, or otherwise prevented the prosecutor from exercising his independent judgment." *Barlow v. Ground,* 943 F.2d 1132, 1136 (9th Cir.1991).

### Issue No. 2:  Qualified Immunity

The parties have identified as an issue of law "Whether Defendant Arpaio is entitled to qualified immunity." Proposed Final Pretrial Statement (Doc. 143). "[I]n Arizona a police officer acting within the scope of his authority has at least a conditional immunity

2

1940807.v2

from civil liability." *Portonova v. Wilkinson*, 627 P.2d 232, 234 (Ariz. 1981). "[I]mmunity generally will be recognized when officials are setting policy or performing an act that inherently requires judgment or discretion." *Chamberlain v. Mathis*, 729 P.2d 905, 909 (Ariz. 1986). "Qualified immunity protects government officials from liability for acts within the scope of their public duties unless the official knew or should have known that he was acting in violation of established law or acted in reckless disregard of whether his activities would deprive another person of their rights." *Id.* at 912.

Arizona case law has made clear that qualified immunity is to be addressed by an objective, not a subjective, standard. "[T]he negative aspects of suits against public officials will be minimized if plaintiffs, instead of merely alleging subjective malice, are required to establish proof of objective malice." *Chamberlain*, 729 P.2d at 913. "Although a subjective inquiry may suffice in most common law actions, we believe it is inappropriate for public officials." *Id.*; *see also Pinal County v. Cooper ex rel. County of Maricopa*, 360 P.3d 142, 146 (Ariz. Ct. App. 2015), *review denied* (May 24, 2017) ("if the undisputed facts require the conclusion that [defendant] could reasonably have believed that his actions were premised on actual facts and colorable legal positions, then qualified immunity prevents the action from proceeding.").

In order to establish that Arpaio is not protected by qualified immunity, then, Arpaio's subjective motivations are immaterial. Instead, the question is whether a person in Arpaio's position could have reasonably believed that the felony charging recommendations were premised on actual facts and colorable legal positions. Defendants will present evidence at trial that Arpaio relied on the investigation and recommendations of Deputy Trombi who, as expert testimony will establish, conducted, with others at MCSO, a competent and thorough investigation, and who, as the Court has already ruled, made a charging recommendation to MCAO in good faith.

Plaintiffs have no evidence that Arpaio or MCSO were aware of or disregarded a substantial risk that Trombi's conclusions were not based on actual facts and colorable

3

1940807.v2

legal positions. Under the objective standard required by Arizona law, Arpaio is entitled to qualified immunity.

### Issue No. 3: Liability for Malicious Prosecution

Liability for malicious prosecution is identified by the parties as a contested issue of fact. Doc. 143. The essential elements of malicious prosecution are: (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages. *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975). Here, Defendants do not contest that the criminal indictment of Austin Flake and Logan Flake (CR2014-002779) was a criminal prosecution that terminated in favor of the Plaintiffs. The Court has ruled that the criminal prosecution was without probable cause. *See* Doc. 134 at 21. Plaintiffs thus have the burden of proof as to the remaining three elements of the tort, which are addressed individually below.

As noted above, Arizona courts look to the RESTATEMENT for guidance in the absence of controlling authority.

### A. Defendants as Prosecutors

Under Arizona law, to prove a malicious prosecution claim, a plaintiff must prove that a defendant initiated or took an active part in the criminal prosecution against him. *Yanes v. Maricopa Cty.*, No. 1 CA-CV 11-0274, 2012 WL 5989327, at *6 (Ariz. Ct. App. Nov. 8, 2012); *see also Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. Ct. App. 1979); *Lantay v. McLean*, 406 P.2d 224, 225 (Ariz. Ct. App. 1965); RESTATEMENT (SECOND) OF TORTS § 653. "[A] person who, in good faith, provides information of another's criminal misconduct does not 'initiate' criminal proceedings if the decision is left entirely to an officer or prosecutor's discretion." *Adams v. Estrada*, No. 2 CA-CV 2013-0074, 2014 WL 265660, at *3 (Ariz. Ct. App. Jan. 23, 2014). Unless the information provided to a prosecutor is knowingly false, there can be no liability unless Defendant's "desire to have the proceedings initiated, expressed by direction, request or pressure of any kind, was the determining factor in the official's decision to commence the prosecution." RESTATEMENT (SECOND) OF TORTS § 653 cmt. g.

4

This Court has already found that MCSO did not knowingly provide false information to MCAO. In order to prevail on this element of Plaintiffs' malicious prosecution claim, Plaintiffs must therefore establish (a) that Arpaio exerted pressure or influence on the MCAO and (b) that such pressure or influence was the determining factor in MCAO's decision to prosecute Plaintiffs. These are questions of fact for the jury.

**B.     Malice**

"To subject a person to liability for malicious prosecution, the proceedings must have been initiated *primarily* for a purpose other than that of bringing an offender to justice." RESTATEMENT (SECOND) OF TORTS § 668 (emphasis added); *see also Adams v. Estrada*, No. 2 CA-CV 2013-0074, 2014 WL 265660, at *10 (Ariz. Ct. App. Jan. 23, 2014); *Hocket v. City of Tucson*, 678 P.2d 502, 504-05 (Ariz. Ct. App. 1983); *Meadows v. Gant*, 486 P.2d 216, 217 (Ariz. Ct. App. 1971); *Lantay v. McLean,* 406 P.2d 224, 225 (Ariz. Ct. App. 1965). If the defendant's primary purpose is the proper administration of criminal justice, however, it is not rendered improper if "he was moved to action by his indignation at what he believed to be the criminal conduct of the accused." RESTATEMENT (SECOND) OF TORTS § 668 cmt. f. An otherwise proper purpose is not negated just because it appears the defendant "would not have brought the proceedings had the accused been his friend rather than a stranger or enemy." *Id.*

**C.     Causation**

Under Arizona law, causation is "that which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces an injury, and without which the injury would not have occurred." *In re Bill Johnson's Restaurants, Inc.*, __ F.Supp.3d. __, 2017 WL 2462476 (D. Ariz. June 7, 2017). Plaintiffs allege that they have suffered reputational and emotional harms from the actions of MCSO and former Sheriff Arpaio. However, the evidence demonstrates that the deaths of the twenty-one dogs, and not the recommendation that Plaintiffs be charged with felony animal cruelty, are the "but-for" cause of Plaintiffs' injuries. Moreover, the evidence demonstrates that Plaintiffs would have suffered the reputational and emotional harms they allege regardless of the charging

5

recommendation, because such harms arose from the intense public interest in the circumstances of the deaths of the dogs (long before any involvement by MCSO). Defendants will also present evidence that the actions of others, properly disclosed as non-parties at fault, were also causes of Plaintiffs' alleged injuries.

### Issue No. 4: Punitive Damages

An additional issue is "Whether Defendants are liable for malicious prosecution." Under Arizona law, punitive damages must be proven by clear and convincing evidence. *Linthicum v. Nationwide Life Ins. Co.*, 723 P.2d 675, 681 (Ariz. 1986). In all tort cases, punitive damages cannot be awarded "unless there is something more than the conduct required to establish the tort." *Id.* This "something more" can best be characterized as the defendant's "evil mind." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1324 (Ariz. 1988). The *Bradshaw* court provided three ways to show this required "evil" state of mind:

> 1. Facts showing that defendant intended to cause injury.
>
> 2. Facts demonstrating that defendant's wrongful conduct was motivated by spite or ill will.
>
> 3. Facts from which the jury can conclude that even though defendant had neither desire nor motive to injure (*i.e.*, neither intent nor spite), he acted to serve his own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of others.

*Id.* (internal citations omitted). Thus, in order to establish a claim for punitive damages against Joseph M. Arpaio, Plaintiffs must establish one of the above three showings by clear and convincing evidence. Sufficient evidence to meet that standard does not exist.

A.R.S. § 12-820.04 provides that "Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Plaintiffs cannot recover punitive damages against Maricopa County (and appear to have conceded this issue through their proposed forms of verdict).

### Issue No. 5: Comparative Fault

The parties have identified as an additional contested issue of fact the issue of whether comparative fault applies to this action.

6

1940807.v2

A.R.S. § 12-2506 apportions liability between tortfeasors. The purpose of this legislative enactment was to make "each tortfeasor responsible for paying for his or her percentage of fault and no more." *Dietz v. Gen. Elec. Co.,* 821 P.2d 166, 171 (Ariz. 1991). In *Thomas v. First Interstate Bank of Arizona, N.A.*, 930 P.2d 1002, 1003-04 (Ariz. Ct. App. 1996), the Arizona Court of Appeals rejected the contention that the statute did not permit apportionment of liability between merely negligent and intentional tortfeasors. The court stated that "[t]he legislature defined fault broadly to include all types of fault committed by all persons." *Id.* Noting that "[p]revious Arizona cases have skirted the issue of intentional fault by concluding the tortfeasor acted recklessly, willfully or wantonly," the court stated that it found helpful the decision of the New Jersey Supreme Court in *Blazovic v. Andrich*, 590 A.2d 222, 231 (N.J. 1991), where that court observed: "[W]e reject the concept that intentional conduct is 'different in kind' from both negligence and wanton and willful conduct.... Instead, we view intentional wrongdoing as 'different in degree' from either negligence or wanton and willful conduct." 590 A.2d at 231.

The court of appeals concluded that "[e]xcluding the acts of an intentional tortfeasor would detract from the legislature's definition of fault" and that "[w]e find the statute unambiguous on this issue." 930 P.2d at 1004. *Accord, Rosner v. Denim & Diamonds, Inc.*, 937 P.2d 353, 354 (Ariz. Ct. App. 1996).[1]

Thus, comparative fault is applicable to all intentional torts in Arizona, and not merely to negligence. Malicious prosecution is an intentional tort. Accordingly, Defendants will present evidence at trial that Plaintiffs' emotional harms and injuries to reputation are the fault of Austin Flake, Logan Brown, Todd Hughes, Maleisa Hughes, the

---

[1] The Supreme Court of Arizona reached the same conclusion in *Hutcherson v. City of Phoenix*, 961 P.2d 449, 453 (Ariz. 1998) ("Based on the Arizona law, we conclude that a jury may apportion fault among defendants and nonparties, without distinguishing between intentional and negligent conduct or requiring that a minimum percentage of responsibility be assigned to the former."). The *Hutcherson* decision, however, was abrogated by *State v. Fischer*, 392 P.3d 488 (Ariz. 2017), although on an entirely different point, specifically that of the proper role of the trial court on a motion for new trial.

Maricopa County Sheriff's Office, and media sources. These non-parties at fault were properly identified by Defendants in their disclosure statements.

DATED October 27, 2017.    SACKS TIERNEY P.A.

　　　　　　　　　　　　　　　　　*s/Jeffrey S. Leonard*
　　　　　　　　　　　　　　　　　Jeffrey S. Leonard
　　　　　　　　　　　　　　　　　Evan F. Hiller
　　　　　　　　　　　　　　　　　Attorneys for Defendants

1940807.v2

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Stephen Montoya
> Richard Trujillo
> MONTOYA, LUCERO & PASTOR, P.A.
> The Great American Tower
> 3200 North Central Avenue, Suite 2550
> Phoenix, AZ 85012
> *Attorneys for Plaintiffs*

*s/ Mary Chapa*

1940807.v2