Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Michael Arpaio, et al.,<br><br>Defendants. | No. CV 15-01132-PHX-NVW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE** |

Pursuant to the Court's Order of August 31, 2017, Clerk's Docket No. 135, as amended (Docs. 139, 141), Plaintiffs hereby submit their Responses to Defendants' Motions in Limine.

Respectfully submitted this 7th day of November 2017.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

### 1. MOTION IN LIMINE NO. 1: COMPENSATORY DAMAGES

Plaintiffs are not seeking awards of compensatory damages for lost wages or medical expenses. Instead, they seek compensatory damages only for emotional distress and loss of reputation. Due to the inherently subjective nature of emotional and reputational injuries, damages reflecting these injuries are simply not subject to mathematical computation.

Accordingly, Plaintiffs were <u>not</u> required to mathematically "calculate" their damages for these injuries. As the Fifth Circuit concluded in <u>Williams v. Trader Publ'g Co.</u>, 218 F.3d 481, 486, n.3 (5th Cir. 2000):

> Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C).

Similarly, in <u>Maharaj v. California Bank and Trust</u>, 2:11-cv-00315-GEB-EFB (Jan. 16, 2013), the District Court concluded that:

> [W]hile Rule 26 generally requires a party to provide a computation of . . . actual damages, emotional distress damages, because of their vague and unspecific nature, are often times not readily amendable to computation. <u>Goldstein v. CBE Grp., Inc.</u>, No. CV 12-2540 ODW (AJWx), 2012 WL 4087253, at *2 (C.D. Cal. Sept. 17, 2012) (internal quotation marks and brackets omitted); accord <u>Williams v. Trader Publ'g Co.</u>, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (stating "compensatory damages for emotional distress . . . may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)). Accordingly, "district courts have frequently denied motions to compel computations of emotional distress . . . damages . . . ." <u>Equal Emp't Opportunity Comm'n</u>, 276 F.R.D. 637, 639 (E.D. Wash. 2011). However, when a plaintiff fails to provide a defendant with a the amount of emotional distress damages sought, the "[p]laintiff may be foreclosed from suggesting [a] specific amount for emotional distress damages to the jury at trial." <u>First v. Kia of El Cajon</u>, No. 10-CV-536-DMS (BGS), 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010); accord <u>Sandoval v. Am. Bldg. Maint. Indus., Inc.</u>, 267 F.R.D. 257, 282-83 (D. Minn. 2007).

See attached Exhibit A, at p. 6. Accordingly, based upon the incalculable nature of injuries for pain and suffering and loss of reputation, Defendants' Motion should be denied.

(Of course, the same reasoning is applicable to Plaintiffs' punitive damage claim against Arpaio.)

2. **MOTION IN LIMINE NO. 2: ALLEGATIONS THAT DEPUTY TROMBI OR MCSO LIED TO, MISLED, PRESENTED FALSE INFORMATION TO, OR WITHHELD INFORMATION FROM PROSECUTORS**

In its Order denying Arpaio's Motion for Summary Judgment, this Court concluded that:

> . . . Arpaio issued multiple statements to the press about the investigation [of the death of the dogs], culminating in a twenty-two minute press conference publicly recommending that prosecutors charge the Flakes with animal cruelty. (Doc. 113, ¶ 56; Doc. 121, ¶ 56.) One month later, the County Attorney's Office convened a grand jury to do just that. Yet two months after charging the Flakes, prosecutors dropped the charges because they "did not take into account" that the air conditioning might have malfunctioned. A jury could reasonably infer from this that prosecutors brought charges because of the pressure from Arpaio and the representations he and his office made about the investigation.

See Court's Order, p. 9, lines 8-15. The Court's Order also found that Trombi—part of Arpaio's "office"—may have provided "mistaken or incomplete" evidence to the grand jury. Id. at lines 21-23.

In fact, the Court specifically found that there was no probable cause supporting the indictment against Austin and Logan because no evidence of criminal intent was presented to the grand jury. Id. at p. 10, line 19 to p. 12, line 10. This conclusion is underscored by the fact that Trombi also told the MCAO prosecutor and the grand jury that the air conditioning unit in the kennel was working "all night," although the Salt River Project records indicated the contrary.

It is highly probable that the County and Arpaio will argue at trial that Trombi made a full and fair disclosure to the prosecutor and thus "open the door" to this issue at trial.

3

The evidence that Arpaio seeks to exclude in his second <u>Motion in Limine</u> undermines this assertion and consequently should be admitted into evidence at trial.

### 3. <u>MOTION IN LIMINE NO. 3: GRAND JURY PROCEEDINGS</u>

Plaintiffs do <u>not</u> intend to use the grand jury transcript as direct evidence of Defendants' liability in this case. However, they reserve the right to use the grand jury transcript for purposes of impeachment or if it otherwise becomes relevant during the course of the trial because Defendants "open the door" to the issue at trial.

### 4. <u>MOTION IN LIMINE NO. 4: EVIDENCE RELATING TO THE AIR CONDITIONING UNIT</u>

Plaintiffs do <u>not</u> intend to present direct evidence regarding the air conditioning unit at trial. However, they reserve the right to do so for purposes of impeachment or in the event that Defendants "open the door" to the issue at trial.

### 5. <u>MOTION IN LIMINE NO. 5: TOM STONE, WAYNE WISDOM, AND MELINDA MERCK</u>

Plaintiffs do <u>not</u> intend to present direct evidence regarding Tom Stone, Wayne Wisdom, or Melinda Merck at trial. However, they reserve the right to introduce such evidence for purposes of impeachment or the in the event that Defendants "open the door" to such testimony at trial.

### 6. <u>MOTION IN LIMINE NO. 6: PRIOR ACTS OF JOSEPH ARPAIO</u>

At Mr. Arpaio's deposition, he (arrogantly) testified that he had learned "nothing" from this Court's <u>Opinion</u> denying his <u>Motion for Summary Judgment</u> in the case of <u>Lovejoy v. Arapio</u>. Plaintiffs should be allowed to question him regarding this issue at trial to demonstrate his malicious intent in publically urging MCAO to indict Austin and Logan on 21 felony counts of animal cruelty.

Moreover, as the Court is aware, Judge Murray Snow of this Court specifically found that Arpaio would arrest people without probable cause in order to gain favorable publicity for himself. <u>See</u> <u>Melendres v. Arpaio</u>, No. CV 07-02513-PHX-GMS, pp. 14-16, attached as Exhibit B.

Plaintiffs should be allowed to question Arpaio regarding this issue at trial to prove

his malicious intent. See Fed. R. Evid. 404(b)(2) ("Evidence of . . . other acts . . . is admissible . . . [to prove] intent . . . .")

Alternatively, Plaintiffs should be allowed to use this evidence to impeach Arpaio should he testify that his only purpose in recommending the indictment of Austin and Logan was because he believed that either they were guilty or there was probable cause supporting their guilt.

Respectfully submitted this 7th day of November 2017.

**MONTOYA, LUCERO & PASTOR, P.A.**

/s/ Stephen Montoya
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

I hereby certify that on November 7, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey S. Leonard
Evan F. Hiller
Sacks Tierney, P.A.
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

/s/ Stephen Montoya

5