1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake, husband and wife, | |
| Plaintiffs, | No. CV-15-01132-PHX-NVW |
| v. | **FINAL PRETRIAL ORDER** |
| Joseph Michael Arpaio, in his official capacity as Sheriff of the Maricopa County Sheriff's Office, and in his personal capacity along with his wife Ava J. Arpaio; Maricopa County, a political subdivision of the State of Arizona, | |
| Defendants. | |

The following is entered as the Final Pretrial Order in this case for the trial on December 5, 2017:

## A.   TRIAL COUNSEL FOR THE PARTIES

Plaintiffs:      Stephen Montoya
                Richard J. Trujillo
                **Montoya, Lucero & Pastor, P.A.**
                3200 North Central Avenue, Suite 2550
                Phoenix, Arizona 85012
                602-256-6718 (main telephone)
                602-256-6667 (main facsimile)
                Email:       stephen@montoyalawgroup.com

Defendants:     Jeffrey S. Leonard
                Evan F. Hiller
                **Sacks Tierney, P.A.**

4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
480-425-2600 (main telephone)
480-425-4952 (main facsimile)
480-425-2653 (Mr. Leonard direct telephone)
480-425-2661 (Mr. Hiller direct telephone)
Email:    Jeffrey.Leonard@SacksTierney.com
          Evan.Hiller@SacksTierney.com

**B.    <u>STATEMENT OF JURISDICTION</u>**

1.    Jurisdiction in this case is based on a federal question under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367.

2.    Jurisdiction is not disputed by any of the parties.

**C.    <u>STIPULATIONS AND UNCONTESTED FACTS AND LAW</u>**

**1.    The following material facts are admitted by the parties and require no proof:**

    a.    Logan Brown's parents operated a dog kenneling business from their home in Gilbert, Arizona.

    b.    In June 2014, Plaintiffs Austin Flake and Logan Brown operated the dog kennel while Logan's parents were out of town.

    c.    On the morning of June 20, 2014, twenty-one dogs died in the care of Plaintiffs.

    d.    The Maricopa County Sheriff's Office ("MCSO") was notified of the dead dogs on June 21, 2014 and subsequently investigated the deaths of the dogs.

    e.    MCSO's lead investigator was Deputy Marie Trombi.

    f.    On August 27, 2017, Deputy Trombi gave her full investigative file to prosecutors at the Maricopa County Attorney's Office ("MCAO").

    g.    At that time, MCSO recommended that Austin Flake and Logan Brown

be charged with 21 felony counts of animal cruelty for the deaths of the twenty-one dogs.

      h.     In October 2014, the prosecutor presented the case against Austin Flake and Logan Brown to a grand jury.

      i.     On October 14, 2014, the grand jury indicted Austin Flake and Logan Brown for 21 felony counts of animal cruelty.

      j.     On December 2, 2014, the defense attorney for Austin Flake and Logan Brown moved to dismiss and remand the indictments.

      k.     On December 23, 2014, MCAO moved to voluntarily dismiss the indictments.

      l.     On January 7, 2015, the court dismissed the criminal case against Austin Flake and Logan Brown.

**2.     The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:**

      a.     It was proper for MCSO to conduct an investigation into the deaths of the dogs.

      b.     Austin Flake and Logan Brown were never arrested by MCSO.

**3.     The following issues of law are uncontested and stipulated to by the parties:**

      a.     The Court has determined that Plaintiffs did not knowingly or intentionally subject the dogs to cruel neglect or abandonment.

      b.     The Court has determined that there was no probable cause to prosecute Plaintiffs for felony animal cruelty under A.R.S. § 13-2910(A)(8).

      c.     Plaintiffs must establish their claims of liability by a preponderance of the evidence.

d.      Defendants must establish their affirmative defenses by a preponderance of evidence.

e.      Plaintiffs must establish their entitlement to an award of punitive damages by clear and convincing evidence.

f.      The prevailing party is not entitled to an award of attorneys' fees.

**D.      CONTESTED ISSUES OF FACT AND LAW**

**1.      The following are the material issues of fact to be tried and decided[1]:**

a.      Whether MCAO exercised independent judgment in deciding to prosecute Plaintiffs.

i.      Plaintiffs contend that MCAO did <u>not</u> exercise independence in deciding to prosecute Plaintiffs based on material omissions and misrepresentations given to the prosecutors by the MCSO.

ii.      Defendants contend that Shawn Steinberg reviewed the entire investigative file and reached independent conclusions as to the weight of the evidence and the totality of the circumstances.   Although MCSO presented its recommendations to MCAO, it was with the knowledge and intent that MCAO would make an independent decision whether to bring criminal charges against Plaintiffs and which charges, if any, to bring.   MCSO did not pressure MCAO to prosecute.   MCSO did not present false information to MCAO.

b.      Whether Defendants made a full and truthful disclosure of all material and relevant facts to the prosecutor.

i.      Plaintiffs contend that Defendants did not make a full and truthful disclosure to the prosecutor.

---

[1] By inclusion on this list, the parties do not stipulate that these issues of fact are material or that they are contested.  Rather, these are disputed issues of fact that at least one party asserts are material or contested.

ii. Defendants contend that this is not a material or a contested issue of fact at all.  This is not contested because Plaintiffs have admitted that MCSO did not withhold information from MCAO.  *See* Defendants' Statement of Facts (Doc. 108) at ¶ 21 ("MCSO did not withhold material information from the prosecutors…"); Plaintiffs' Statement of Facts (Doc. 113) at ¶ 21 ("Plaintiffs admit Paragraph 21 of Defendants' Statement of Facts.").  The Court has already ruled that Deputy Trombi neither lied to nor materially misled the prosecutors.  Doc. 134 at 9.  Thus, it is uncontested that MCSO made a full and truthful disclosure of all material and relevant facts known to MCSO to the MCAO prosecutors.  Moreover, even if this issue were contested, this issue as stated by Plaintiffs is a misleading misrepresentation of Arizona law.  A full and truthful disclosure to prosecutors is not part of Arizona or even Ninth Circuit case law on the prosecutor's independent decision to prosecute.  It is only a deliberately false, misleading, or incomplete disclosure to the prosecutor that can render the prosecutor's decision not independent; this supposedly contested, supposedly material fact irrelevant to the actual contested issue of law.

c. Whether Arpaio and MCSO initiated or took active part in the criminal prosecution of Plaintiffs for 21 felony counts of animal cruelty.

i. Plaintiffs contend that Arpaio and Trombi initiated or took an active part in the criminal prosecutions of Plaintiffs, thereby causing Plaintiffs to be wrongfully indicted.

ii. Defendants contend that Arpaio and MCSO did not "initiate" criminal prosecution because their only pre-indictment action was investigating and presenting information to MCAO in good faith with the understanding that MCAO would determine whether to prosecute.  Defendants contend that Arpaio and MCSO did not take active part in the criminal prosecution of Plaintiffs and did not pressure or influence MCAO's prosecution of Plaintiffs.

d. Whether Arpaio and MCSO acted with malice by recommending MCAO

charge Plaintiffs with 21 felony counts of animal cruelty.

       i.     Plaintiffs contend that Defendants acted with "malice" by prosecuting Plaintiffs without probable cause because Defendants made their recommendations to generate favorable publicity for Arpaio and hurt Austin Flake's father, United States Senator Jeff Flake.

       ii.    Defendants contend that the Court has already ruled that Trombi did not lie to or materially mislead prosecutors and that at most, Deputy Trombi misunderstood the law of animal cruelty but pursued charges against Austin Flake and Logan Brown in good faith.  To the extent that any factual dispute remains as to this issue, there is no evidence that MCSO's charging recommendations were made with malice.  Witnesses with expertise in law enforcement, Frances Santos and M.L. Anderson, have concluded that MCSO's actions were reasonable and within common police practice and that the charging recommendation was based on the totality of all available information.

     e.     What harms Plaintiffs suffered as a result of Arpaio and MCSO's actions in recommending that Plaintiffs be prosecuted for 21 felony counts of animal cruelty.

       i.     Plaintiffs contend that they suffered emotional distress, humiliation, and damage to their reputations as a result of Arpaio and MCSO's actions.

       ii.    Defendants contend that all of Defendants' alleged harms to their reputations, earnings, education, or mental state are the result of the deaths of the dogs and of the public and media responses to the deaths of the dogs.  Defendants contend that none of the harms alleged by Plaintiffs were caused by the actions of MCSO or of Arpaio.

     f.     What disclosed damages Plaintiffs suffered as a result of Arpaio and MCSO's actions.

       i.     Plaintiffs contend that they suffered damages as a result of

Defendants' actions.

        ii.      Defendants contend that to the extent Plaintiffs are able to establish any damages, those damages were a result of the negligent, reckless, and/or intentional acts of the Hughes and of Plaintiffs, which resulted in the deaths of the dogs and in intense negative public attention; were the result of MCAO's decision to prosecute Plaintiffs (for which MCAO is absolutely immune to liability); or were the result of the actions of the news media (including non-traditional media sources such as Facebook groups).

2.    **The following are the issues of law to be determined**:

    a.    Whether Defendants are liable for malicious prosecution.

        i.    Plaintiffs contend that Defendants are liable.

        ii.    Defendants contend that they are <u>not</u> liable.  Defendants contend that MCAO made an independent decision to prosecute Plaintiffs.  Defendants contend that Plaintiffs cannot demonstrate that Defendants initiated prosecution or played an active role in prosecuting Plaintiffs; that Plaintiffs cannot demonstrate that Plaintiffs suffered any damages; and that Plaintiffs cannot demonstrate that Plaintiffs' alleged damages were caused by Defendants.

**E.**    <u>**LIST OF WITNESSES**</u>

    Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

1.    Plaintiffs' Witnesses

    a.    Plaintiffs' witnesses who shall be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 1 | Joseph M. Arpaio<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater | Mr. Arpaio will testify in accordance with his deposition testimony. |

|   | | |
|---|---|---|
|   | Blvd., 4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600<br><br>(fact witness) | |
| 2 | Deputy Marie Trombie<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater<br>Blvd., 4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600<br><br>(fact witness) | Ms. Trombi will testify in accordance with her deposition testimony. |
| 3 | Austin Flake<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Mr. Flake will testify in accordance with his deposition testimony and his Second Amended Complaint in this case. |
| 4 | Logan Brown<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Ms. Brown will testify in accordance with her deposition testimony and her Second Amended Complaint in this case. |

b.    Plaintiffs' witnesses who may be called at trial:

|   | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 5 | Tom Stone<br>Stone Engineering, Inc.<br>2624 West Piedmont Road<br>Phoenix, Arizona 85041<br>(602) 323-9383<br><br>(fact witness) | Mr. Stone will testify in accordance with the statement he provided in support of Plaintiffs' Motion to Remand. |
| 6 | Wayne Wisdom<br>Salt River Project<br>1521 North Project Drive<br>Tempe, Arizona 85281 | Mr. Wisdom will testify in accordance with the statement he provided in support of Plaintiffs' Motion to Remand. |

| | | |
|---|---|---|
| | (fact witness) | |
| 7 | Dr. Melinda Merck Veterinary Forensics Consulting, LLC 1101 E. 34th St., Suite 433 Austin, Texas 78705  (fact witness) | Dr. Merck will testify in accordance with the statement she provided in support of Plaintiffs' Motion to Remand. |

c.    Plaintiffs' witnesses who are unlikely to be called at trial:

| Witness Name and Address | Brief Description of Testimony |
|---|---|
| None | |

2.    Defendants' Witnesses

a.    Defendants' witnesses who shall be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 1 | Marie Trombi Maricopa County Sheriff's Office c/o Jeffrey S. Leonard Sacks Tierney, P.A. 4250 N. Drinkwater Blvd. Scottsdale, AZ 85251 (480) 425-2600  (fact witness) | Ms. Trombi is anticipated to testify regarding her investigation of the events at the Green Acre dog boarding facility, and her presentation of her investigative files and recommendation to the Maricopa County Attorney's Office. |
| 2 | Shawn Steinberg Office of the Attorney General 1275 W. Washington Street Phoenix, AZ 85007 (602) 542-5025  (fact witness) | Ms. Steinberg is anticipated to testify regarding her independent decision to present evidence to a grand jury resulting in indictment of Austin Flake, Logan Brown, Jesse Hughes, and Maleisa Hughes. |
| 3 | M.L. "Andy" Anderson Police Advisory Services 10645 N. Tatum Blvd. #200-392 Phoenix, AZ 85028  (expert witness) | Mr. Anderson is anticipated to provide testimony regarding the investigation by MCSO and former Sheriff Arpaio's press releases and press conferences, consistent with his expert report in this matter. |
| 4 | Frances Santos Frances Santos Law, PLLC 1 N. Hearthstone Way #422 Chandler, AZ 85226 (602) 803-8071  (expert witness) | Ms. Santos is anticipated to provide testimony regarding the investigation conducted by MCSO, consistent with her expert report in this matter. |

b.     Defendants' witnesses who may be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 5 | Logan Brown<br>c/o Stephen Montoya<br>Montoya, Lucero & Pastor<br>3200 N. Central Ave.<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Ms. Brown may be called upon to testify regarding her claims in this matter. |
| 6 | Austin Flake<br>c/o Stephen Montoya<br>Montoya, Lucero & Pastor<br>3200 N. Central Ave.<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Mr. Flake may be called upon to testify regarding his claims in this matter. |
| 7 | Bernard Mangone, DVM<br>Palm Glen Animal Hospital<br>7771 N. 43rd Avenue<br>Phoenix, AZ 85051<br>(623) 688-5362<br><br>(expert witness) | Depending upon the evidence presented and arguments advanced by Plaintiffs, Dr. Mangone may be called to testify concerning his investigation of the canine deaths at the Green Acres dog boarding facility and the report he prepared for MCSO at that time. |
| 8 | Nancy Bradley, DVM<br>Midwestern University of<br> Veterinary Medicine<br>5715 W. Utopia Road<br>Glendale, AZ 85308<br>(623)_537-6360<br><br>(expert witness) | Depending upon the evidence presented and arguments advanced by Plaintiffs, Dr. Bradley may be called upon to provide testimony regarding conditions at the Green Acre boarding facility, consistent with her expert report in this matter. |
| 9 | George J. Hogge, P.E.<br>Engineering Forensics<br> Experts LLC<br>3136 E. Leland Circle<br>Mesa, AZ 85213<br>(602) 721-4202<br><br>(expert witness) | Depending upon the evidence presented and arguments advanced by Plaintiffs, Mr. Hogge may be called upon to testify regarding his investigation and analysis of the HVAC system at the Green Acre boarding facility, and may provide testimony consistent with his expert reports in this matter. |
| 10 | Maleisa Hughes<br>15723 E. Appleby Road<br>Gilbert, AZ 85298<br><br>(fact witness) | Ms. Hughes may be called upon to provide testimony concerning the events at the Green Acre boarding facility, the investigation by MCSO, the intense media and public interest following the deaths of the dogs, and the criminal indictments and her subsequent plea bargain and conviction of animal cruelty and fraud. |
| 11 | Jesse Hughes<br>15723 E. Appleby Road<br>Gilbert, AZ 85298 | Mr. Hughes may be called upon to provide testimony concerning the events at the Green Acre boarding facility, the investigation by MCSO, the intense media and public interest |

| | | |
|---|---|---|
| | (fact witness) | following the deaths of the dogs, and the criminal indictments and his subsequent plea bargain and conviction of animal cruelty and fraud. |
| 12 | Joseph M. Arpaio c/o Jeffrey S. Leonard Sacks Tierney, P.A. 4250 N. Drinkwater Blvd. Scottsdale, AZ 85251 (480) 425-2600 (fact witness) | Mr. Arpaio may be called upon to provide testimony regarding the investigation of the events at the Green Acre dog boarding facility. Without limiting the generality of the foregoing, Mr. Arpaio would testify about the facts and circumstances of his oversight of that investigation, his delegation of the investigation to trusted subordinates including Detective Marie Trombi, and, depending on the evidence presented by Plaintiffs, his press conferences and public statements regarding the investigation. |
| 13 | Jason McIntyre c/o John A. Schill Schill Law Group 8700 E. Via De Ventura, Suite 300 Scottsdale, AZ (480) 525-8900 (fact witness) | Mr. McIntyre is the owner of three dogs, two of which died at the Green Acre boarding facility. Depending upon the evidence presented and arguments advanced by Plaintiffs, Mr. McIntyre could be called upon to testify regarding the circumstances surrounding the deaths of his dogs, the failure of Plaintiffs to provide medical care, the circumstances under which his dog "Mia" was finally taken to a veterinarian, and the intense media and public interest in the incident. |
| 14 | Valerie Collins c/o John A. Schill Schill Law Group 8700 E. Via De Ventura, Suite 300 Scottsdale, AZ (480) 525-8900 (fact witness) | Ms. Collins is the owner of two dogs that died at the Green Acre boarding facility.  Depending upon the evidence presented and arguments advanced by Plaintiffs, Ms. Collins could be called upon to testify regarding the circumstances surrounding the deaths of her dogs, the failure of Plaintiffs to provide medical care, and the intense media and public interest in the incident. |

c.    Defendants' witnesses who are unlikely to be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 15 | Sterling Skousen 15707 E. Appleby Rd. Gilbert, AZ 85298 (480) 988-9332 (fact witness) | Mr. Skousen is the next-door neighbor of the Hugheses and may be called upon to testify regarding the deaths of the dogs and the intense media and public interest following that event. |
| 16 | Regina Skousen 15707 E. Appleby Rd. Gilbert, AZ 85298 (480) 988-9332 (fact witness) | Ms. Skousen is the next-door neighbor of the Hugheses and may be called upon to testify regarding the deaths of the dogs and the intense media and public interest following that event. |

**F.** **LIST OF EXHIBITS**

1.      The exhibits listed in **Exhibit A** are admissible in evidence and may be marked but must be moved into evidence by the Clerk.

2.      The parties have not reached any stipulations as to other exhibits.

3.      As to the exhibits listed in **Exhibit B**, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated therein.

Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

**G.** **DEPOSITIONS TO BE OFFERED**

Plaintiffs may use the depositions of Marie Trombi and Joseph M. Arpaio at trial.  Designated portions of the transcript of Marie Trombi, and objections thereto, are set forth in **Exhibit C**. Designated portions of the transcript of Joseph M. Arpaio, and objections thereto, are set forth in **Exhibit D**.

Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

**H.** **MOTIONS IN LIMINE**

Motions in Limine will be filed as separate pleadings and responded to in accordance with the instructions contained in the Court's scheduling orders.

**I.** **LIST OF PENDING MOTIONS**

Currently pending before the Court is Defendants' Motion to Preclude Plaintiffs' Late Submissions (Doc. 142).

**J.    PROCEDURES FOR EXPEDITING TRIAL**

The parties have discussed the following available procedures that might be used to expedite trial:

a.    <u>Presenting stipulated summaries of deposition testimony rather than reading deposition excerpts.</u>  The parties will present excerpts of deposition transcripts or excerpts of video recordings of deposition testimony.

b.    <u>Editing videotaped depositions to limit the amount of time required for presentation.</u>  The parties will edit videotaped depositions to contain only those portions of testimony that are designated for presentation at trial.

c.    <u>Using summary exhibits in place of voluminous documentary evidence.</u> The parties do not believe that summary exhibits are necessary or useful in the presentation of their evidence.

d.    <u>Stipulations on authenticity and foundation.</u>  The parties have reached stipulations as to the admissibility of evidence, which are reflected in Ex. A.

e.    <u>Presenting direct expert testimony through summary or written reports.</u> The parties intend to present live expert witness testimony at trial.

f.    <u>Using the courtroom technology to expedite the presentation of evidence.</u>  The parties will use courtroom technology to expedite the presentation of evidence.

**K.    ESTIMATED LENGTH OF TRIAL**

Four days, equally divided.

**L.    JURY DEMAND**

The parties stipulate that the request for trial by jury was timely and properly made.

**M.** **JOINT STATEMENT OF THE CASE**

The Plaintiffs in this matter are Austin Flake and Logan Brown, formerly husband and wife, but now divorced. The Defendants in this matter are Joseph Arpaio, formerly the sheriff of Maricopa County; Ava Arpaio, Mr. Arpaio's spouse; and Maricopa County.

Logan Brown's parents operated a dog boarding business out of their home. In June 2014, Austin Flake and Logan Brown were in charge of the dogs while her parents were out of town. Early one morning that week, twenty-one of the kenneled dogs were found dead or dying.

The Sheriff's Office investigated the deaths of the dogs and recommended to the Maricopa County Attorney's office that Plaintiffs be charged with 21 felony counts of animal cruelty for the deaths of the 21 dogs. Prosecutors presented the case against Austin Flake and Logan Brown to a grand jury, and they were indicted. The charges against Austin Flake and Logan Brown were later dismissed. Austin Flake and Logan Brown claim that the Sheriff's Office recommended felony charges against them out of malice. Defendants deny Plaintiffs' claims.

**R.** **FORMAT OF SUBMISSIONS**

The parties shall submit their joint statement of the case, proposed voir dire questions, proposed jury instructions, and forms of verdict in .doc or .docx (Microsoft Word) format by email to Wake_Chambers@azd.uscourts.gov.

**S.** **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.     All discovery has been completed.

2.     The identity of each witness has been disclosed to opposing counsel.

3.     Each exhibit listed herein: (a) is in existence; and (b) has been disclosed and shown to opposing counsel.

4.     The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

5.     The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).

6.     The parties acknowledge that once this Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

## T.     INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, the parties hereby agree that they will file a Notice to Court Reporter one week before trial, containing the following information that may be used at trial:

1.     Proper names, including those of witnesses.

2.     Acronyms.

3.     Geographic locations.

4.     Technical (including medical) terms, names or jargon.

5.     Case names and citations.

A copy of key depositions will also be sent or electronically transmitted.

Dated: December 6, 2017.

_____

Neil V. Wake
Senior United States District Judge

# EXHIBIT A
# Admissible Exhibits

### EXHIBITS ADMISSIBLE IN EVIDENCE
### BY STIPULATION OF THE PARTIES

| Number | Description |
|--------|-------------|
| 1 | Indictment of Austin Flake (Oct. 14, 2014) |
| 2 | Indictment of Logan Flake (Oct. 14, 2014) |
| 3 | ME of Not Guilty Arraignment of Austin Flake (Nov. 13, 2014) |
| 4 | ME of Not Guilty Arraignment of Logan Flake (Nov. 13, 2014) |
| 5 | Final Release Order of Austin Flake (Nov. 13, 2014) |
| 6 | Final Release Order of Logan Flake (Nov. 13, 2014) |
| 7 | ME granting Austin Flake's Motion to Modify Travel Restrictions (Dec. 18, 2014) |
| 8 | ME granting Logan Flake's Motion to Modify Travel Restrictions (Dec. 18, 2014) |
| 9 | State's Motion to Dismiss (Dec. 23, 2014) |
| 10 | MCSO Press Release of June 23, 2014 |
| 11 | MCSO Press Release of June 26, 2014 |
| 12 | MCSO Press Release of July 9, 2014 |
| 13 | MCSO Press Release of December 22, 2014 |
| 14 | MCSO Investigative File |

| 15 | CNN.com, "20 dogs die in Arizona heat after air conditioning kicks out on Senator's son" |
|----|----|
| 16 | USA Today, "Arizona sheriff: 20 dogs dead in pet-boarding accident" |
| 17 | FOX News 10, Facebook post |
| 18 | CBS 5 AZ, "Furious pet owners demand necropsies on dogs" |
| 19 | Huffington Post, "Jeff Flake's Son Linked to Horrifying Dog Deaths: Report" |
| 20 | 12 News, "MCSO: 17 dogs dead in 'tragic accident' at Gilbert boarding service" |
| 21 | The Tragedy at Green Acre Dog Boarding Gilbert, AZ, Facebook post |
| 22 | YouTube video, https://youtu.be/bjCZy2G4g00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B
# Exhibits with Objections

## Plaintiffs' Proposed Exhibits

| Number | Description | Defendants' Objections |
|--------|-------------|------------------------|
| 23 | Grand Jury Transcript of October 10, 2014 | Defendants object to this exhibit under Fed.R.Evid. 402 and 403. This exhibit is irrelevant because the Court has already ruled on probable cause and on whether Deputy Trombi lied to or mislead prosecutors (she did not), which are the only issues of fact or law as to which the grand jury proceedings could have any probative value.   Even if this exhibit were relevant, its probative value would be substantially outweighed by the risk of confusing the issues or misleading the jury as to the proper focus of their attention (since all claims against Deputy Trombi have been dismissed), it would waste time, and it would present needlessly cumulative evidence on the issue of probable cause (already resolved by the Court). |
| 24 | Austin and Logan Flake's Motion for Remand of December 2, 2014 in CR2014-002779 and all attachments thereto | Defendants object to this exhibit under Fed.R.Evid. 402, 403, and 802.  The motion itself is inadmissible hearsay, as are the attached statements of Wayne Wisdom, Tom Stone, and Melinda Merck (Exs. A, B, and G). The information presented in this exhibit addresses only the issue of probable cause, |

| | | |
|---|---|---|
| | | which the Court has already resolved, and thus this exhibit is not relevant, would waste time, and would be cumulative.  The motion itself consists of partisan attorney argument and is prejudicial beyond any potential probative value (for example, it accuses Deputy Trombi of presenting false evidence and testimony to the grand jury, which is absolutely privileged and speaks only to issues that have already been resolved and/or dismissed by the Court). |
| 25 | Transcript and Video of Joseph Arpaio's Press Conference of September 9, 2014 | Defendants object to the transcript and to the video under Fed.R.Evid. 402, 403, and 802.  Because Plaintiffs have not designated specific portions of the press conference, introduction of the entire press conference is unnecessary, needlessly cumulative, and would cause undue delay and confusion.  Much if not all of the press conference is irrelevant.  The questions asked at the press conference, to the extent they are offered for their truth, are inadmissible hearsay.  Defendants object to the video form of this exhibit because Plaintiffs did not identify the video as a trial exhibit until October 27, 2017. |
| 26 | MCAO Bill Montgomery's News Release of December | Defendants object to this exhibit under Fed.R.Evid. 402, 403, and 802.  This exhibit is |

| | 22, 2014 | irrelevant because the Court has already determined the issue of probable cause.  It is inadmissible hearsay.  It carries a risk of confusing, misleading, or prejudicing the jury because it implies the lack of probable cause to indict Plaintiffs related to the air conditioning unit, rather than to Austin Flake and Logan Brown's lack of knowledge or intent (as determined by the Court). |
| | | If the Court admits this exhibit into evidence, Defendants request that the Court also admit into evidence the related MCAO news releases of October 15, 2014 and May 6, 2015 (Exs. 62 and 63). |

## Defendants' Proposed Exhibits

| Number | Description | Plaintiffs' Objections |
|---|---|---|
| 27 | E-mail to MCSO Animal Cruelty hotline [MCSO_000521] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 28 | E-mail to MCSO Animal Cruelty hotline [MCSO_000522] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 29 | E-mail to MCSO Animal Cruelty hotline | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, |

| | | [MCSO_000524] | confusion, hearsay and foundation. |
|---|---|---|---|
| | 30 | E-mail to MCSO Animal Cruelty hotline [MCSO_000526-27] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 31 | E-mail to MCSO Animal Cruelty hotline [MCSO_000529] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 32 | A. Flowers Narrative Supplement [MCSO_000440-41] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 33 | W. Miller Narrative Supplement [MCSO_000444] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 34 | "Mia" veterinary records [MCSO_003324-25] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 35 | Investigative reports on "Mia" [MCSO_001494-1504] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 36 | E-mails from Debbie Hicks [FLAKE 1086-88] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |

| 37 | AZ Republic, "Owners of Gilbert dog-boarding service 'heartbroken'" [MCSO_003418-20] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
|---|---|---|
| 38 | Phoenix New Times, "Photos: Inside the Gilbert Dog-Boarding Facility Where 20 Dogs Died" [MCSO_003421-29] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 39 | Photograph [MCSO_000479] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 40 | Photograph [MCSO_000480] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 41 | Photograph [MCSO_000481] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 42 | Photograph [MCSO_000482] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 43 | Photograph [MCSO_000483] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, |

| | | confusion, hearsay and foundation. |
|---|---|---|
| 44 | Photograph<br><br>[MCSO_000484] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 45 | Photograph<br><br>[MCSO_000485] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 46 | Photograph<br><br>[MCSO_000486] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 47 | Photograph<br><br>[MCSO_000487] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 48 | Photograph<br><br>[MCSO_000488] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 49 | Photograph<br><br>[MCSO_000489] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 50 | Photograph<br><br>[MCSO_000490] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| 51 | Chart of dogs boarded at | Plaintiffs object to this exhibit on grounds of |

| | | "Green Acre" on June 19-20, 2014 (demonstrative) | relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| --- | --- | --- | --- |
| | 52 | MCSO Supplemental Question # 1a and #2 [MCSO_002332] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 53 | MCSO Supplemental Question # 1b [MCSO_002338] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 54 | MCSO Supplemental Question # 1c [MCSO_002343] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 55 | MCSO Supplemental Question # 1d [MCSO_002349] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 56 | MCSO Supplemental Question # 3 [MCSO_002357] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 57 | MCSO Supplemental Question # 5 [MCSO_002361] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 58 | MCSO Supplemental Question # 6 and # 8 | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, |

| | | [MCSO_002363] | confusion, hearsay and foundation. |
|---|---|---|---|
| | 59 | MCSO Supplemental Question # 7 [MCSO_002382] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 60 | MCSO Supplemental Question # 15 [MCSO_002421] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 61 | MCSO Supplemental Question # 18 [MCSO_002422] | Plaintiffs object to this exhibit on grounds of relevance, undue prejudice, undue delay, confusion, hearsay and foundation. |
| | 62 | MCAO News Release of October 15, 2014 | Defendants offer this exhibit only if Plaintiffs' Exhibit No. 28 (MCAO News Release of December 22, 2014) is admitted into evidence. |
| | 63 | MCAO News Release of May 6, 2015 | Defendants offer this exhibit only if Plaintiffs' Exhibit No. 28 (MCAO News Release of December 22, 2014) is admitted into evidence. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

# Marie Trombi Deposition Designations

## **DEPOSITION TESTIMONY OF MARIE TROMBI**

Defendants object to the use at trial of the deposition testimony of Marie Trombi because Plaintiffs did not disclose any designated portions thereof until the afternoon of October 26, 2017.

**Plaintiffs' Designations:**

- **p. 181, line 17 to p. 184, line 19**

Defendants object to the presentation of more than three full pages of deposition testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be introduced through live testimony, because much of the designated portion of the deposition is irrelevant, needlessly cumulative, and would cause undue delay.

Defendants object to 181:22- 182:12 because this exchange between Plaintiffs' counsel and Deputy Trombi is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 182:13-182:25 because this testimony is irrelevant, cumulative, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 183:9-11 because this question is unduly prejudicial, and because the testimony is irrelevant and likely to result in confusion and undue delay.

Defendants object to 183:18-184:19 because this testimony is clearly speculative, irrelevant, likely to result in confusion and undue delay, and because the questions are unduly prejudicial.

Although Defendants object to the use of this deposition and to the above specific testimony, if Plaintiffs are permitted to present any portion of the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  184:20-185:1; 185:13-186:5.**

- **p. 206, lines 18-22;**

Defendants object to 206:18-22 because the answer to this question is incomplete as designated.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  206:1-17; 206:22-24.**

- **p. 249, lines 15-25, p. 250, lines 1-6;**

Defendants object to 249:15-250:6 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

- **p. 252, lines 2-10;**

Defendants object to 252:2-5 based on the form of the question, which lacks foundation, assumes facts not in evidence, and is irrelevant and unduly prejudicial.

Defendants object to 252:2-10 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all

claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

- **p. 255, lines 1-10;**

Defendants object to 255:1-10 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

- **p. 256, lines 9-25, p. 257, lines 1-15;**

Defendants object to 256:9-257:15 under Fed.R.Evid. 402, 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did

not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding air conditioning and regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Defendants object to 256:9-20 under Fed.R.Evid. 802.  This is counsel's characterization of an out of court statement by Austin Flake offered for its truth.

- **p. 281, line 14 to p. 282, line 9**

Defendants object to 281:14-282:9 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding air conditioning and regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Defendants object to 281:14-21 under Fed.R.Evid 803 because it counsel's characterization of out of court statements offered for their truth.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

*     *     *

If Plaintiffs are permitted to introduce any of the above designated deposition testimony, Defendants designate the following additional portions of the deposition: 58:10-60:10, 60:25-54:13, 67:16-68:2, 77:20-24, 78:2-24, 84:16-23, 86:16-88:10, 116:25-117:10, 119:2-121:8, 132:25-133:4, 154:18-24, 202:22-204:1, 219:1-8, 221:7-12, 222:11-223:5, 240:2-241:7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

# Joseph Arpaio Deposition Designations

## DEPOSITION TESTIMONY OF JOSEPH ARPAIO

Defendants object to the use at trial of the deposition testimony of Joseph Arpaio because Plaintiffs did not disclose any designated portions thereof until the afternoon of October 26, 2017.

**Plaintiffs' Designations:**

- **p. 133, lines 1-4, 9-12, 18-20, 25; p. 234, lines 1-3;**

Defendants object to 133:1-4, 133:9-12, 133:18-20, and 133:25-134:3 under Fed.R.Civ.P. 402 and 403 because the questions are argumentative and misleading and because the questions and answers, as designated, are incomplete and incomprehensible. These deficiencies render the offered testimony irrelevant and incomprehensible, unduly prejudicial, and likely to result in confusion, misleading of the jury, and undue delay.

Defendants object to 133:1-4 under Fed.R.Civ.P. 402 and 403 because neither the question nor the answer is complete, and as designated this testimony is irrelevant and incomprehensible, and therefore likely to result in confusion and undue delay.

Defendants object to 131:9-12 under Fed.R.Civ.P. 402, 403, and 802 because it is a question but no answer.  The questions, standing alone, are not admissible into evidence.  The questions, if read as designated with the answers excised, are irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 131:18-20 under Fed.R.Civ.P. 402 and 403 because the answer is complete incomplete, and as designated this testimony is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 131:25-134:3 under Fed.R.Civ.P. 402, 403 and 802 because the question is argumentative, misleading, and misstates the witness's testimony.  This designated portion of the deposition contains inadmissible hearsay, is irrelevant, is unduly prejudicial, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  132:24-133:8, 133:16-17, 133:20-24, 134:10-12.**

- **p. 137, lines 12-16;**

Defendants object to 137:12-16 under Fed.R.Evid. 402 and 403 because the question is argumentative, misleading, and misstates the record, and because this testimony as designated is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  136:24-137:11, 137:17-138:3.**

- **p. 161, line 20 to p. 164, line 14;**

Defendants object to the presentation of more than three full pages of deposition testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be introduced through live testimony, and because much of the designated portion of the deposition is irrelevant, needlessly cumulative, and would cause undue delay.

Defendants object to 161:24-163:2 under Fed.R.Evid. 402, 403, and 802.  This portion of the transcript consists primarily of a lengthy exchange between counsel and contains no questions or answers.  Accordingly, this portion of the transcript is inadmissible hearsay, is irrelevant, and could only confuse the jury and cause undue delay.

Defendants object to 163:3-164:12 under Fed.R.Evid. 402, 403, and 802 because this testimony is confusing and unclear, has little if any relevance to contested issues of fact or law in this matter, and would lead to confusion and undue delay.

1

2   • **p. 190, line 4 to p. 195, line 1;**

3         Defendants object to the presentation of more than four full pages of deposition

4   testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be

5   introduced through live testimony, and because much of the designated portion of the

6   deposition is irrelevant, needlessly cumulative, unduly prejudicial, and would cause

7   confusion and undue delay.

8         Defendants object to 190:4-9 under Fed.R.Evid. 402 because it is not probative of

9   any contested issue of fact or law that remains in this case.

10        Defendants object to 190:10-195:1 under Fed.R.Evid. 402, 403, and 802.  This

11  designated portion of the deposition consists almost entirely of Plaintiffs' counsel's

12  characterizations of Mr. Wilenchik's out of court statements and of Plaintiffs' counsel's

13  inadmissible hearsay statements that Mr. Wilenchik's out of court statements were true.

14  These "questions" lack foundation and are argumentative and misleading.  Moreover, the

15  Court has already determined that Deputy Trombi did not lie to the grand jury or to

16  prosecutors; even if that were still a contested issue of fact, Deputy Trombi's grand jury

17  testimony is not relevant to any of the claims or defenses in this case.  These designations

18  are inadmissible hearsay, irrelevant, unduly prejudicial, and likely to result in confusion

19  and undue delay.

20

21  • **p. 202, lines 7-16;**

22        Defendants have no objection to the use of this deposition testimony at trial.

23

24  • **p. 205, line 23 to p. 206, line 16.**

25        Defendants object to 206:9-11 under Fed.R.Evid. 402, 403, and 802 because the

26  question is misleading and implies that MCSO indicted Plaintiffs.  This characterization,

27

28

which is attorney argument, is inadmissible hearsay, irrelevant, unduly prejudicial, and likely to result in confusion.

*     *     *

If Plaintiffs are permitted to present any of the above deposition testimony, other than 202:7-16, Defendants designate the following additional portions of the deposition: 112:18-114:22, 157:15-158:2, 201:21-202:22.