IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio, in his official capacity as Sheriff of the Maricopa County Sheriff's Office, and in his personal capacity along with his wife Ava J. Arpaio; Maricopa County, a political subdivision of the State of Arizona,<br><br>    Defendants. | No. CV-15-01132-PHX-NVW |

**FINAL INSTRUCTIONS**

December 14, 2017

_____
Neil V. Wake
Senior United States District Judge

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and the parties' closing arguments, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**MALICIOUS PROSECUTION**

Plaintiffs allege that Defendants are liable for malicious prosecution. For Defendants to be found liable for malicious prosecution, Plaintiffs must prove by a preponderance of the evidence:

1. That the defendant initiated or took active part in the prosecution of a criminal action against the plaintiff;

2. That the defendant acted for a primary purpose other than to bring an offender to justice;

3. That the criminal action was brought without probable cause; and

4. That the plaintiff was damaged by the criminal action.

The defendant initiated or took active part in the prosecution if (1) his desire to have the proceedings initiated, expressed by direction, request, or pressure of any kind, was the determining factor in the prosecutor's decision to commence the

prosecution or (2) he knowingly furnished false or materially incomplete information to the prosecutor.

The defendant's desire to have the proceedings initiated was not the determining factor in the prosecutor's decision to commence the prosecution if the defendant made full and truthful disclosure of all material and relevant facts known to him and the prosecutor made an independent decision to prosecute. In deciding whether the prosecutor made an independent decision to prosecute, you may consider whether the prosecutor withdrew the prosecution because the defendant failed to present facts that the prosecutor deemed material to the decision to prosecute. A decision to prosecute is not independent if the prosecutor's decision was influenced by the defendant's desire to have the proceedings initiated for a purpose other than to bring an offender to justice, whether or not the prosecutor shared in the improper purpose.

Once it is proven that the defendant initiated or took active part in the prosecution of a criminal action against the plaintiff, the defendant has the burden of proving by a preponderance of the evidence that the prosecutor's decision was independent and that the defendant made full and truthful disclosure of all material and relevant facts known to him.

**PROBABLE CAUSE**

In earlier proceedings, the Court determined as a matter of law that probable cause was lacking for the felony criminal prosecutions of Plaintiff Austin Flake and Plaintiff Logan Brown. Therefore, you must take that as proven.

Probable cause means reasonable grounds to believe that a crime was committed and that the accused person committed the crime. The Plaintiffs were charged with intentionally or knowingly subjecting animals to cruel neglect or abandonment, which is defined to mean failing to provide necessary food, water, or shelter, specifically in this case failing to provide necessary shelter.

1  "Intentionally" means with an objective to fail to provide necessary shelter.
2  "Knowingly" means with awareness or belief that one is failing to provide
3  necessary shelter. It is not enough to be guilty of this crime that one knowingly or
4  intentionally did an act unless one knew or intended to fail to provide necessary
5  shelter. It is not a felony in Arizona to fail to provide necessary shelter out of
6  neglect, carelessness, or imprudence.

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs, you must determine the amount of each plaintiff's damages.

A plaintiff has the burden of proving damages by a preponderance of the evidence. In this case damages mean the amount of money that will reasonably and fairly compensate the plaintiff for the following injury caused by the malicious prosecution:

- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future and
- Injury to Plaintiffs' reputations.

These are the only injuries for which Plaintiffs have sought damages. You may not award Plaintiffs any other damages which may have been caused by the prosecution. In this case you may award damages for mental and emotional suffering from delay or loss of education but not for loss of earnings from delay or loss of education.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**MARICOPA COUNTY LIABLE OF ANY LIABILITY OF JOSEPH ARPAIO**

Defendant Maricopa County is liable for any liability and damages proved against Defendant Joseph Arpaio.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved**.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:
1. the sworn testimony of any witness;
2. the exhibits that are admitted into evidence;
3. any facts to which the lawyers have agreed; and
4. any facts that I may instruct you to accept as proved.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:
(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret

the evidence, but it is not evidence.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

You may believe everything a witness says, part of it, or none of it. The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

**EXPERT OPINION**

You have heard testimony from expert witnesses who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence you heard may have been direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations you will not have a transcript of the trial testimony.

**TAKING NOTES**

Some of you may have taken notes to help you remember the evidence. Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations, do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.

Do not discuss the case with any other person, in writing, by phone or electronic means, via email, via text messaging, or via any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

Do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials. So not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing or in open court. If you send out a question, I will consult with the parties before answering it,

which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**RETURN OF VERDICT**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.