Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Michael Arpaio, et al.,<br><br>Defendants. | No. CV 15-01132-PHX-NVW<br><br>**PLAINTIFFS' MOTION REGARDING DEFENDANTS' NON-PRODUCTION OF DOCUMENTS** |

For the very first time, during the trial cross-examination of former MCAO Prosecutor Shawn Steinberg on December 14, 2017, Plaintiffs learned that (1) MCSO Detective Marie Trombi had created a "large chart" spanning several feet in length regarding the criminal charges ultimately filed against Austin Flake and Logan Brown, and (2) Ms. Steinberg had created her own "graph" reflecting the extent of electrical usage at Logan Brown's parent's home for (all or part of) June 2014 based on records the MCSO subpoenaed from the Salt River Project.

*Neither* of these documents were produced or otherwise disclosed in pretrial discovery, although Plaintiffs' discovery requests clearly requested such documents. See attached Exhibits A-D.

The Court accordingly ordered the parties to "cooperate" regarding locating the "missing" documents (assuming that they have not been destroyed) and explaining why they were *not* produced by Defendants in the ordinary course of pretrial discovery.

In attempting to cooperate with Defendants' counsel regarding the missing documents, Plaintiffs' counsel repeatedly asked Defendants' lead counsel, Jeffrey Leonard, to answer the following questions:

- When did Defendants' counsel first learn of the possible existence of the missing documents?

- Did Defendants' counsel withhold any documents based on any purported privilege?

See attached Exhibit E. Notwithstanding the obvious importance of these two simple questions, Defendants' counsel ignored the questions and refused to provide the requested information to Plaintiffs.

Of course, the question of when Defendants' counsel first learned of the possible existence of the missing documents is a critical fact in ascertaining whether or not Defendants' failure to produce the documents was accidental or intentional. See generally Haeger v. Goodyear Tire & Rubber Co., 906 F. Supp. 2d 938, 941 (D. Ariz. 2012). Correspondingly, the question of whether or not Defendants withheld any documents based upon a claim of privilege is relevant to ascertain the actual extent of Defendants' failure to produce information directly relevant to this dispute. (Plaintiffs note in this regard that—notwithstanding Plaintiffs' specific request—Defendants failed to identify any document being withheld on grounds of a purported privilege. See Exhibit A, p. 3, ¶ 6, and Exhibit B, pp. 2-3, ¶¶ 1-4.)

In addition, of course, the fact that Defendants failed to produce the chart and graph raises the possibility that other documents were also *not* produced.

Plaintiffs' two simple questions only seek basic, preliminary information regarding the missing documents and could be easily answered with little or no expense to Defendants. Accordingly, under the circumstances, the Court should order Defendants to answer the questions no later than January 5, 2018 when it reports to the Court on its efforts to locate the missing documents.

Respectfully submitted this 2nd day of January 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

I hereby certify that on January 2, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrant:

Jeffrey S. Leonard
Evan F. Hiller
Sacks Tierney, P.A.
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

_____