Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Austin Flake and Logan Flake, <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph Michael Arpaio, et al., <br><br> Defendants. | No. CV 15-01132-PHX-NVW <br><br> **PLAINTIFFS' RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE, and** <br><br> **PLAINTIFFS' SECOND MOTION TO COMPEL** <br><br> (Evidentiary hearing requested) |

Plaintiffs hereby respond to this Court's Order to Show Cause of January 12, 2018, Clerk's Docket No. 206. Plaintiffs also move the Court to compel Defendants to provide Plaintiffs essential information regarding the so-called missing documents. Plaintiffs also request an evidentiary hearing to address these intensively factual issues with the Court.

Respectfully submitted this 26th day of January 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its Order of December 14, 2017, this Court

> direct[ed] counsel to cooperate to find out the whereabouts of the many feet-long chart or outline of the case provided by the County Sheriff's Office to the County Attorney, and if in existence, provide to Mr. Montoya. Conversely, if the document is not found, determine what happened to it, why it was not maintained, and who was responsible for its preservation.
>
> In addition, the Court directs the parties to investigate the status of the graphic power consumption chart prepared by Ms. Steinberg and her staff which was not presented to the Grand Jury. If found, the document should be provided to Mr. Montoya, and if not found, a determination should be made as to why it was not preserved and who was responsible.

On January 5, 2018, Defendants filed a "Supplemental Status Report" with the Court that contained numerous, previously undisclosed and unproduced emails and photographs in *partial* compliance with the Court's Order.

However, although the Court specifically ordered Defendants to provide copies of both the "outline of the case" and the "graphic power consumption chart" to Plaintiffs' counsel, Defendants have failed to do so and have not yet indicated either when or under what circumstances they intend to do so. See attached Exhibits A and B.[1]

Moreover, notwithstanding the fact on January 3, 2018 the Court ordered Defendants' counsel to disclose to Plaintiffs when Defendants' counsel *first* learned of both documents, defense counsel has failed to comply with the Order by failing to specify when defense counsel *first* learned of the possible existence of the "outline of the case." Although in their Supplemental Status Report Defendants claim that "it appears that all counsel were aware that Mr. [Jim] Young had prepared a 'large chart' of phone records,"

---

[1] When Plaintiffs' counsel returned to his office after a meeting at approximately 4:00 p.m., he discovered that apparently Defendants had hand-delivered copies of the two graphs earlier in the afternoon.

2

at p. 3, lines 8-11 (what the Court has referred to as an "outline of the case" in accordance with Ms. Shawn Steinberg's trial testimony), Plaintiffs' counsel were in fact *not* aware of the records until Ms. Steinberg's cross-examination at trial. Furthermore, *none* of the documents submitted as "Exhibit 1" to Defendants' Supplemental Status Report were ever either disclosed or produced to Plaintiffs in the course of pretrial discovery. (What else have Defendants failed to produce?)

Just as important, Defendants' counsel continues to fail to indicate "when Defendants' counsel first learn[ed] of the possible existence of the missing documents."

Under the circumstances, the Court should order Defendants' counsel to specify when they first learned of the possible existence of the outline of the case and when they first actually saw and/or reviewed the document.

In addition, on Friday, January 19, 2018, Plaintiffs' counsel travelled to defense counsel's offices to physically examine both the outline of the case and the graphic power consumption chart. Actual review of the documents raised multiple questions. For example, the "outline of the case" contained literally hundreds of records of unexplained telephone communications potentially involving Plaintiffs. In order to understand the meaning and importance of the outline, Plaintiffs need to examine the individual or individuals (Marie Trombi?) who created it.

Similarly, both of the two computer generated graphs of the electrical consumption at the Hughes' home in June 2014 belatedly produced by Defendants are undated. See Supplemental Status Report, p. 5, lines 8-15. The author of at least one of the graphs (reproduced at "Exhibit 9" to the Supplemental Status Report) is unknown. Indeed, in their Supplemental Status Report, Defendants admit that they "cannot be certain of the origin" of the electrical usage charge chart reproduced as Exhibit 9 "until the appropriate personnel have had an opportunity to review it." Although the graph reproduced at "Exhibit 4" of the Supplemental Status Report was presumably created by Ms. Steinberg, the record remains silent on that issue, and it is just as likely that Ms. Steinberg did *not* create the graph given its complexity and utilization of somewhat sophisticated computer graphics.

Notwithstanding the questions surrounding the charts, Defendants continue to resist answering any of Plaintiffs' questions regarding the materials. Given the fact that Defendants admitted they obtained both the charts and the "outline" from the "MCAO files," one can only imagine what else is in the MCAO files that Defendants failed to produce. The Court should consequently order Defendants to produce the entire MCAO file for inspection by Plaintiffs.

Lastly, although Defendants assert that the Maricopa County Attorney's Office ("MCAO") "was not a defendant in the case," Defendants' <u>Supplemental Status Report</u>, at p. 3, footnote 1, in fact, Plaintiffs sued "Maricopa County." The MCAO is merely a department within Maricopa County and consequently <u>cannot</u> be properly sued in its own name. Defendants' repeated assertion in this regard is just another attempt to obfuscate the naked reality that Defendants hid evidence in the case. In fact, Ms. Steinberg testified at trial that she conferred extensively with defense counsel in the course of pretrial proceedings. It is difficult to imagine that Steinberg did not mention the graphs to defense counsel in the same manner that she mentioned them at trial. Moreover, Steinberg's failure to present the graph to the grand jury is potential evidence of a concerted effort to mislead the grand jury. The graphs were not presented to the grand jury because they were exculpatory.

In any event, Defendants' undisclosed electrical consumption graphs undermine Defendants' claims at trial that they actually believed that the SRP records showed that the air conditioning unit in the dog room "was working all night." Based on the actual content of the graphs belatedly produced by Defendants, no *reasonable* person could have reached that conclusion. Defendants' failure to produce this evidence prejudiced Plaintiffs at trial.

Under the circumstances, Plaintiffs' counsel asked defense counsel the following questions:

- When did you first learn of the missing documents?
- Have you (meaning you, your firm and your three clients) searched for any other documents that should have been produced or disclosed?

4

- Will you produce electronic versions of the missing documents?
- What software was used to create the missing documents?
- Who are the authors of the missing documents?
- When were the missing documents first drafted?
- What computer were the missing documents initially drafted on?
- What computer were the missing documents finalized on?
- Where is the machine that printed the documents?
- What type of machine printed the documents?
- Will you agree to proceed with the Fed. R. Civ. P. 30b6 deposition of the County's custodian of records regarding the criminal accusations against Austin and Logan?
- Will you agree to proceed with depositions of Trombi and Steinberg regarding the missing documents and her knowledge of the County's files regarding Austin and Logan?

Defendants' counsel, Jeffrey Leonard, responded to the questions set forth for the first time on January 24, 2018 by refusing to provide *any* of the requested information, *including* the information the Court previously ordered Defendants to provide, i.e., when he first learned of the existence of the outline of the case. See attached Exhibit B.

Based on the foregoing, the Court should enter an order compelling Defendants to provide Plaintiffs the information requested. This Court should also conduct a brief evidentiary hearing to address these issues if Defendants resist this Motion to Compel.

Respectfully submitted this 26th day of January 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

I hereby certify that on January 26, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey S. Leonard
Evan F. Hiller
Sacks Tierney, P.A.
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

_____