IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Austin Flake and Logan Flake, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio, in his official capacity as Sheriff of the Maricopa County Sheriff's Office, and in his personal capacity along with his wife Ava J. Arpaio; Maricopa County, a political subdivision of the State or Arizona, Marie Trombi, in her personal capacity,<br><br>Defendants. | No. CV-15-01132-PHX-NVW<br><br>**ORDER** |
|---|---|

In the status conference of April 3, 2017, new counsel for Defendant Trombi asserted that the order granting summary judgment in favor of Defendant Trombi (Doc. 134) erred in finding no probable cause as a matter of law. The Court directed counsel to submit a brief letter stating the argument and said it would decide whether such an argument addresses error in the order or raises a new issue. Having reviewed counsel's letter, it is clear that the argument attempted to be raised is entirely new and therefore was forfeited by not raising it timely in the motion.

The Court would not preclude a party filing a motion for reconsideration, but the Court can summarily deny it. Local Rule 7.2(g)(2). If such a motion is filed, the Court is disposed to deny it summarily.

Counsel wishes to argue that the state of mind of "intentionally or knowingly" subjecting animals to "cruel neglect or abandonment" is not an element of the crime but an affirmative defense to be proved by the Defendant by a preponderance of the evidence. *See May v. Ryan*, 245 F. Supp. 2d at 1145, 1155-1156 (D. Ariz. 2017) (discussing Arizona statute of 1997 putting the burden on defendants to prove affirmative defenses by a preponderance of the evidence). No such argument was made in Defendants' summary judgment briefing. (Doc. 107 at 7-8.) Defendants' reply brief (Doc. 127) said nothing at all about probable cause, thus leaving Plaintiffs' briefing on that point unrebutted (Doc. 114). That new issue was not raised or preserved.

Legal points not raised in briefing are forfeited unless excused by the court in its discretion. It is tempting to say the plain language of the statute makes the "intentionally or knowingly" state of mind an element of the crime, not an affirmative defense. It is also tempting to say the new legal theory might render the statute unconstitutional. *See May v. Ryan,* 245 F. Supp. 2d at 1146-64 (criminal child molestation statute unconstitutionally shifts burden of disproving sexual intent to defendant by making lack of sexual intent an affirmative defense). But the Court would not reach the substance of the new argument. The Court would exercise its discretion to not allow that wholly new argument into the record and to not make it a belated basis for appellate review.

No rule of procedure authorizes motions for reconsideration. A court's power to grant such a motion is inherent in the ability to change any interlocutory ruling until it has become embodied in an appealable and unappealed judgment. The Local Rules do speak to such motions. A motion to reconsider here would be barred by Local Rule LRCiv 7.2(g)(2), which states in part, "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." It also requires "a showing of manifest error . . . or new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

This is an example of a new lawyer wanting to have done things differently. The

Court would exercise its discretion to deny such a motion for reconsideration. Allowing this new argument would be unfair to the opposing party who went through a full round of cross-motions for summary judgment and oral argument on what the Defendants chose to present. A motion with full briefing, oral argument, and a written ruling is not a dress rehearsal for the real motion to come on rehearing. Allowing that here would probably require a continuance of the July 5, 2018 trial.

> [This] Motion illustrates why litigants are required to timely present their issues and evidence, why the courts are not required to search for reasons to rule for parties who do not present their own, and why opposing parties who follow the rules of engagement are entitled to repose at battle's end.

*Equal Employment Opportunity Commission, v. Eagle Produce, L.L.C.*, **No.** CV-06-01921-PHX-NVW, 2008 WL 2796407, at *3 (D. Ariz. 2008).

A "denial of a motion for reconsideration is reviewed for abuse of discretion." *Bellus v. United States*, 125 F.3d 821, 822 (9th Cir. 1997). "Our abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

"The 'manifest error' warranting reconsideration under LRCiv 7.2(g) must be error of the court, not error of the litigant." *Eagle Produce, L.L.C.*, 2008 WL 2796407, at *3). There is no error of the Court here.

The Court is disposed to summarily deny a motion for reconsideration if it is filed.

Dated: April 11, 2018.

_____
Neil V. Wake
Senior United States District Judge