**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio, in his official capacity as Sheriff of the Maricopa County Sheriff's Office, and in his personal capacity along with his wife Ava J. Arpaio; Maricopa County, a political subdivision of the State or Arizona, Marie Trombi, in her personal capacity,<br><br>　　　　　Defendants. | No. CV-15-01132-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' Request for Judicial Notice of Weather Data (Doc. 245), the Response, and the Reply.

Defendants request judicial notice at trial of 90 pages purporting to show outside temperatures taken from State of Arizona weather stations and compiled by the Official State of Arizona Climatologist, Nancy Selover, at five locations said to be in the vicinity of the Hughes' home on the day of and on days before the incident. They are said to show that on the day of the incident, the lowest temperatures of the day ranged from 73.02 to 73.06 degrees at times ranging from 5:32 a.m. to 6:22 a.m. and at locations ranging from about 4 to 2 1/2 miles from the Hughes' home. As presented, the data are unintelligible to a lay person. The data are not authenticated by sworn affidavit as to their source or their

meaning.

Plaintiffs object that this is not proper judicial notice. They add that Nancy Selover was not disclosed as a witness and the exhibits were not disclosed.

No doubt judicial notice of weather generally can be taken from appropriate sources. But this is not notice of weather in a general place. It is microclimatology.

Defendants cite only two cases concerning judicial notice of weather, and neither is on point. They cite to a dissenting opinion in *Sanchez v. Canales*, 574 F.3d 1169, 1176 (9th Cir. 2009), that noted on appeal that it was cold and dark in Los Angeles when the police rousted the plaintiffs outside while executing a search warrant for someone else. The temperature and darkness had nothing to do with the court's majority decision. Even as to the dissent, it was not an adjudicative fact. It was just sympathy for the plaintiffs' discomfort. Federal Rule of Evidence 201 applies only to adjudicative facts. Dissents are not precedent anyway.

In *Leatherback Sea Turtle v. Flagler County Board of County Commissioners*, 359 F. Supp. 2d 1209, 1214 n.2 (M.D. Fla. 2004), the court *sua sponte* took judicial notice of the non-adjudicative fact that a hurricane was forecast within 72 hours. The court otherwise denied the preliminary injunction for habitat protection for failure to prove the challenged beach driving was "reasonably likely to result in a taking of a protected sea turtle . . . especially in light of the severe environmental consequences caused by the recent hurricanes." *Id.* at 1214. The court noted the approaching hurricane, presumably to show that any relief granted would be further compromised by that hurricane. Also, the court was "certain Counsel would not object" to the judicial notice. *Id.* at 1214 n.2. Counsel here objects vehemently.

Defendants cite no case for this kind of judicial notice of adjudicative facts from government records of recorded events in these exact locations. The Rules of Evidence do provide for admission of such records for their observed content. It is the business records rule. Fed. R. Evid. 803(6). But that requires the record itself and a witness to authenticate the record. Valid judicial notice requires neither, which is why Defendants

hope for judicial notice, having defaulted on a witness who might prove the temperatures. And even that rule would not evade the need to authenticate the accuracy of the measurement systems underlying the temperature observations.

Turning to the text of Rule 201(b), Defendants have not met their burden of showing that the temperature readings are "not subject to reasonable dispute" because they are "generally known within trial court's territorial jurisdiction" (the State's historical weather records are not generally known) or that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court has not been "supplied with the necessary information" to establish judicial notice. Fed R. Evid. 201(b)(2). Even the records have not been authenticated.

Finally, the probative value of those temperature observations is highly attenuated at best. The dogs in this case were found to be dead (or dying) in great heat at 5:00 a.m. The failure of the air conditioner (or other arguable cause of death) had to have happened hours before. It matters little what the outside temperatures were between 5:32 a.m. to 6:22 a.m. a few miles away. Moreover, death was caused by the inside temperature, not the outside temperature, or the dogs would have died long before.

IT IS THEREFORE ORDERED that Defendants' Request for Judicial Notice of Weather Data (Doc. 245) is denied.

Dated: May 25, 2018.

_____
Neil V. Wake
Senior United States District Judge