Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
Evan F. Hiller (SBN 028214)
Evan.Hiller@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
*Attorneys for Defendant Maricopa County*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Austin Flake and Logan Flake, | No. CV-15-01132-PHX-NVW |
|---|---|
| Plaintiffs, | **DEFENDANT MARICOPA COUNTY'S RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING THE COURT'S PROPOSED MALICIOUS PROSECUTION INSTRUCTION** |
| v. | |
| Joseph Michael Arpaio; et al., | |
| Defendants. | |

Defendant Maricopa County (the "County"), pursuant to the Court's instructions, *see* Doc. 281, hereby responds to Plaintiffs' Memorandum Regarding the Court's Proposed Malicious Prosecution Instruction (Doc. 284).

## I. The second element of the Court's proposed instruction is proper.

Plaintiffs claim that the second element of the Court's proposed final jury instruction on malicious prosecution ("[t]hat the defendant acted for a primary purpose other than to bring an offender to justice") is not an element of the claim under Arizona law. Doc. 284 at 3. This is not entirely accurate. What Plaintiffs fail to acknowledge is that the fourth element of a claim for malicious prosecution, as set forth in the Revised Arizona Jury Instructions (the "RAJIs"), is that "[*Name of defendant*] acted with malice." *See* RAJIs (6th Ed., July 2013), attached to Doc. 284 as Exhibit B; *see also* Doc. 284 at 2-3. There can be no question that *malice* is an element of malicious prosecution under Arizona law, which is hardly surprising given the very name of the tort.

2127998.v2

The RAJIs do not define malice, but Arizona law does – and it defines malice just as the Court has done. The Arizona Supreme Court has defined the elements of malicious prosecution as follows:

> a. A criminal proceeding instituted or continued by the defendant against the plaintiff.
>
> b. Termination of the proceeding in favor of the accused.
>
> c. Absence of probable cause for the proceeding.
>
> d. 'Malice,' or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.

*Sarwark Motor Sales, Inc. v. Woolridge*, 354 P.2d 34, 36 (Ariz. 1960) (*citing* Prosser, Law of Torts, § 98 (2d ed.); 1 Harper and James, Law of Torts, § 4.1; RESTATEMENT OF TORTS, § 653); *see also Meadows v. Gant*, 486 P.2d 216, 217 (Ariz. Ct. App. 1971) (defining the malice element of malicious prosecution as "a primary purpose other than that of bringing an offender to justice"); *Adams v. Estrada,* No. 2 CA-CV 2013-0074, 2014 WL 265660, at *10 (Ariz. Ct. App. Jan. 23, 2014) ("[M]alicious prosecution requires plaintiff to prove … the defendant acted primarily for a purpose other than bringing an offender to justice."). These Arizona cases incorporate the language of the RESTATEMENT OF TORTS, which provides that "[t]o subject a person to liability for malicious prosecution, the proceedings must have been initiated primarily for a purpose other than that of bringing an offender to justice." RESTATEMENT (SECOND) OF TORTS § 668.[1] Thus, under Arizona law, the second element of the Court's proposed final jury instructions is a correct definition of the term "malice."

What Plaintiffs' proposed jury instructions do is blend the elements of malice (under Arizona law) and the separate additional § 1983 element of an intent to deprive plaintiff of a specific constitutional right. *See* Doc. 284, Ex. D, at ¶ 5 (defining malice as being "for

---

[1] RESTATEMENT (SECOND) OF TORTS §668 deals with the propriety of purpose element set forth in § 653. This Court relied on §668 in a malicious prosecution case, noting that the issue must go to a jury. *See Donahoe v. Arpaio*, 986 F.Supp.2d 1091, 1107 (D. Ariz. 2013) ("Finally, '[when there is evidence that [an ulterior] motive played a substantial part in influencing his decision, the determination of whether the ulterior purpose was the primary one is normally for the jury.'") (citing RESTATEMENT (SECOND) OF TORTS § 668) (alterations original).

2127998.v2

the purpose of denying the plaintiff a specific constitutional right or in reckless disregard of that right or the truth."). Moreover, Plaintiffs' proposed instruction could serve to eliminate entirely the Arizona requirement that the jury consider Trombi's motive. As written, Plaintiffs' fifth element would permit the jury to find liability based on "reckless disregard" without ever determining what her primary purpose actually was. This is not proper; both the Arizona element of malice (a primary purpose other than to bring an offender to justice) and the additional federal element (purpose to deprive a specific constitutional right) must be met.

## II.   The first explanatory paragraph of the Court's proposed instruction is proper.

Plaintiffs argue that the first explanatory paragraph of the Court's proposed instruction on malicious prosecution should be stricken as a one-sided commentary on the evidence. Doc. 284 at 4-5. Not so. This definition is necessary to explain what is meant by the first element of the Court's proposed instruction, that "defendant initiated or took active part" in the criminal prosecution. It is drawn from, and consistent with, Arizona law. *See Adams*, 2014 WL 265660, at *3-4; RESTATEMENT (SECOND) OF TORTS § 653 cmt. g.; *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 165 P.3d 173, 179 (Ariz. Ct. App. 2007) (Arizona courts follow Restatement in absence of governing law to contrary).

This paragraph is also consistent with federal law, which holds that subsequent prosecutorial action bars liability for investigating officers unless "the district attorney was pressured or caused by the investigating officers to act contrary to his independent judgment." *Harper v. City of Los Angeles*, 533 F.2d 1010, 1027 (9th Cir. 2008) (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir.1981)); *see also* Defendant Trombi's Single Point Brief Regarding Malicious Prosecution (Doc. 282), at Sections I and II. By defining initiation of criminal prosecution in this way, the Court has properly distilled this aspect of both Arizona tort law and federal § 1983 law to guide the jury's consideration.

There are key qualifiers and typographical errors that should be corrected in this paragraph of the instruction. *See* Defendant Trombi's Objection to Verdict Form and Jury Instructions (Doc. 280), at 11:1-14.

3

2127998.v2

**III. <u>The second paragraph of the Court's proposed instruction should be stricken.</u>**

Plaintiffs argue that the second explanatory paragraph of the Court's proposed instruction on malicious prosecution should be stricken as a one-sided commentary on the evidence. Doc. 284 at 4-5. The County disagrees with that argument, but agrees that this paragraph should be stricken because it is redundant. The first explanatory paragraph already outlines the two bases for attributing a criminal prosecution to investigators rather than prosecutors: (1) improper pressure or (2) material misrepresentations or omissions. There is no need to instruct the jury as to the contrary of these two propositions.

**IV. <u>The third paragraph of the Court's proposed instruction should be stricken.</u>**

Plaintiffs argue that the third explanatory paragraph of the Court's proposed instruction on malicious prosecution should be included as a separate instruction. Plaintiffs' proposal, however, appears to *reverse* the burden of proof. *Plaintiffs* have the burden to prove, by a preponderance of the evidence, the first element of their claims: that Trombi initiated prosecution (by pressuring or misleading prosecutors). *See* Part II, *supra*; Doc. 282, at Sections I and II; *Smiddy v. Varney*, 803 F.2d 1469, 1471 (9th Cir. 1986) ("The burden was upon Smiddy to prove facts that would overcome the presumption mentioned in *Smiddy I* that the district attorney acted according to law…").

As a matter of logic, a separate independent judgment instruction is redundant and unnecessary. If Plaintiffs succeed in meeting their burden to show that Trombi pressured or misled prosecutors, Defendants will have necessarily failed in proving prosecution was independent. If Defendants prove by a preponderance of the evidence that prosecution was independent, Plaintiffs will have necessarily failed to prove the same element of their claims. These showings are mutually exclusive, and no purpose is served by a second, separate instruction.

2127998.v2

DATED June 14, 2018.

Respectfully submitted,

SACKS TIERNEY P.A.

 */s/ Evan F. Hiller*
Jeffrey S. Leonard
Evan F. Hiller
*Attorneys for Defendant Maricopa County*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

2127998.v2

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen Montoya
Richard Trujillo
MONTOYA, LUCERO & PASTOR, P.A.
The Great American Tower
3200 North Central Avenue, Suite 2550
Phoenix, AZ 85012
*Attorneys for Plaintiffs*

Stephen M. Dichter
J.P. Harrington Bisceglia
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Attorneys for Defendant Marie Trombi*

/s/ Michelle L. Curtsinger

2127998.v2