Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Michael Arpaio, et al.,<br><br>Defendants. | No. CV 15-01132-PHX-NVW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT TROMBI'S SINGLE POINT BRIEF RE MALICIOUS PROSECUTION CASES UNDER 42 U.S.C. § 1983** |

Pursuant to the Court's Order of June 7, 2018, Plaintiffs submit the following Response to Defendant Trombi's Single Point Brief re Malicious Prosecution Cases Under 42 U.S.C. § 1983.

Respectfully submitted this 14th day of June 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' position regarding their federal malicious prosecution claim against Trombi and Maricopa County have already been summarized in Plaintiffs' Memorandum of Tuesday, June 12, 2018 (document 284). Those points need not be repeated here. Plaintiffs offer only the following observations in response to Trombi's Single Point Brief:

- Trombi's Brief acknowledges that federal malicious prosecution claims can be established by the "willful *or* reckless provision of false information" to the prosecutor. See Defendant's Single Point Brief, p. 1, lines 19-21. The Court's jury instruction on malicious prosecution should be amended accordingly;

- The case law cited in Trombi's Brief also demonstrates that the issue of "independent prosecutorial judgment" must be established by Defendants as an affirmative defense. See, e.g., Beck v. City of Upland, 527 F.3d 853, 862 (9th Cir. 2008), and Smiddy v. Varney, 665 F.2d 261, 267 (9th Cir. 1981) ("where the plaintiff has introduced evidence to rebut the presumption [of independent prosecutorial judgment], the burden remains on the defendant to prove that an independent intervening cause cuts off his tort liability");

- Although Plaintiffs acknowledge that Trombi has asserted the affirmative defense of qualified immunity, that defense is *not* equivalent to a subjective "good faith" defense as Trombi inaccurately suggests. See Defendant's Brief, p. 8, lines 11-12. Instead, Trombi must prove that her mistake regarding probable cause was a mistake that an objectively reasonable officer could make under the same circumstances. See, e.g., Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012). Trombi's subjective good faith is no defense to Plaintiffs' claims and is irrelevant;

- Moreover, this Court's Order of August 31, 2017 (document 134) entering summary judgment in favor of Plaintiffs on the issue of probable cause defeats Trombi's qualified immunity defense as a matter of law. Specifically, the Court concluded that:

> No reasonable person could have concluded from [the engineering and

2

veterinary] opinions or from anything else that Austin or Logan "knowingly or intentionally" subjected the dogs "to cruel neglect or abandonment." At most, it might suggest the Flakes were negligent, which is not a felony in this state. For probable cause to have existed, there must have been evidence that the Flakes either intended to subject the dogs to cruel neglect or knew they were doing so. It is not enough that the Flakes intentionally did acts the Hugheses had done for two years without any other incident as reflected on the record here. They had to do it with intent or knowledge that it was cruelty. The record contains no evidence they did.

Id. at p. 12, lines 2-10.  Accordingly, because the Court specifically ruled that "no reasonable person [i.e., no reasonable law enforcement officer] could have concluded" that there was probable cause that Plaintiffs were guilty of felony animal cruelty, Trombi is *not* entitled to qualified immunity as a matter of law.

- Lastly, Trombi's assertion that Plaintiffs must prove that Trombi had a "wrongful desire to institute proceedings for purposes other than bringing an offender to justice," Defendant's Brief, p. 1, lines 19-21, is not supported by the controlling case law.

In fact, the "bringing an offender to justice" language is a relic that has not been used by the Supreme Court of Arizona since 1960 in the case of Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 176 (1960).

In the court's most recent recitation of the elements of malicious prosecution claims, Bradshaw v. State Farm Mut. Auto. Ins., 157 Ariz. 411, 417 (1988), the court identified them as follows:

> There are five elements to a claim for wrongful prosecution of a civil action. Plaintiff must prove defendant (1) instituted a civil action which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in

3

plaintiff's favor and (5) damaged plaintiff.[1]

The Arizona Supreme Court's abandonment of the atavistic, dangerously overbroad "bringing an offender to justice" phraseology was both unsurprising and appropriate. As the Court is aware, as a law-enforcement officer, Trombi's duty is to enforce specific laws. Her personal opinions regarding "justice" are of no importance and do not immunize her from liability for intentionally or recklessly providing false information to a prosecutor that results in the criminal prosecution of people who are innocent of any crime. A contrary conclusion would provide Trombi and other law enforcement officers with a virtual license to impose their personal opinions regarding justice (and "animal cruelty") on the public with impunity. This result is contrary to the rule of law and should be rejected.

Respectfully submitted this 14th day of June 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_/s/ Stephen Montoya_
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

---

[1] Although the court in Bradshaw sometimes refers to the tort under consideration as "wrongful prosecution of a civil action," the court also refers to the claim throughout the opinion as "malicious prosecution."

4

1  I hereby certify that on June 14, 2018, I electronically transmitted the foregoing document
2  to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of
   Electronic Filing to the following registrants:
3
4  Jeffrey S. Leonard
   Evan F. Hiller
5  Sacks Tierney, P.A.
   4250 North Drinkwater Blvd., 4th Floor
6  Scottsdale, Arizona 85251
   Attorneys for Defendants
7
8  Stephen M. Dichter
   J.P. Harrington Bisceglia
9  Christian Dichter & Sluga, P.C.
   2700 North Central Avenue, Suite 1200
10 Phoenix, Arizona 85004
11 Counsel for Defendant Marie Trombi

/s/ Stephen Montoya

5