1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake, | No. CV 15-01132-PHX-NVW |
| Plaintiffs, | **FINAL PRETRIAL ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

The following is adopted as the Final Pretrial Order for the jury trial of this case on

July 9, 2018 at 8:45 a.m.

**A.    TRIAL COUNSEL FOR THE PARTIES**

    Plaintiffs:        Stephen Montoya
                        Richard J. Trujillo
                        **Montoya, Lucero & Pastor, P.A.**
                        3200 North Central Avenue, Suite 2550
                        Phoenix, Arizona 85012
                        602-256-6718 (telephone)
                        602-256-6667 (fax)
                        stephen@montoyalawgroup.com
                        rjtazlaw@gmail.com

    Defendant Maricopa County:

                        Jeffrey S. Leonard
                        Evan F. Hiller
                        **Sacks Tierney, P.A.**
                        4250 North Drinkwater Blvd., 4th Floor
                        Scottsdale, Arizona 85251
                        480-425-2600 (main telephone)
                        480-425-4952 (main facsimile)
                        480-425-2653 (Mr. Leonard direct telephone)
                        480-425-2661 (Mr. Hiller direct telephone)
                        Jeffrey.Leonard@SacksTierney.com
                        Evan.Hiller@SacksTierney.com

Defendant Marie Trombi:

> Stephen M. Dichter
> J.P. Harrington Bisceglia
> **Christian Dichter & Sluga, P.C.**
> 2700 North Central Avenue, Suite 1200
> Phoenix, Arizona 85004
> 602-792-1700 (telephone)
> 602-792-1710 (fax)
> sdichter@cdslawfirm.com
> jphbisceglia@cdslawfirm.com

**B.**   **STATEMENT OF CLAIMS AND DEFENSES**

1.   **A statement of each claim and each defense for trial.**

Plaintiffs' claims:  malicious prosecution under 42 U.S.C. §1983

Defendants' defenses:

a.   independent prosecutorial judgment.

b.   qualified immunity.

2.   **A brief statement of the legal basis of each claim and each defense.**

Plaintiffs' claims:

a.   Malicious Prosecution.      In order to establish a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must establish (1) a criminal prosecution, (2) the prosecution was initiated without probable cause with an intent to violate the accused constitutional rights, (3) the criminal proceeding terminated in favor of the accused, (4) the criminal proceeding caused damages to the accused and (5) a purpose of violating a specific constitutional right.  See, e.g., Awabdy v. City of Adelanto, 368 F.3d 1062, 1068-70 (9th Cir. 2004).

Defendants' defenses:

a.   Independent prosecutorial judgment.  Plaintiffs have the burden of proving that Defendants "made material omissions or gave false

-2-

information to the prosecutor."   Borunda v. Richmond, 885 F.2d 1384, 1390 (9th Cir. 1988).   If Plaintiffs cannot meet this burden, Defendants' liability is precluded by the presumption of prosecutorial independence.

b.    Qualified immunity.   Only when an officer's conduct violates a clearly established constitutional right does she forfeit qualified immunity.   Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012).

**C.    STATEMENT OF JURISDICTION**

The parties agree that jurisdiction in this case is properly based on a federal question under 28 U.S.C. § 1331.

**D.    STIPULATIONS AND UNCONTESTED FACTS AND LAW**

**1.    The following material facts are admitted by the parties and require no proof:**

a.    Logan Brown's parents operated the "Green Acre" dog kenneling business from their home in Gilbert, Arizona.

b.    In June 2014, Plaintiffs Austin Flake and Logan Brown, then married, operated the "Green Acre" dog kennel while Logan's parents were out of town.

c.    Austin Flake is the son of United States Senator Jeff Flake.

d.    On the morning of June 20, 2014, twenty-one dogs died in the care of Plaintiffs.

e.    The Maricopa County Sheriff's Office ("MCSO") was notified of the dead dogs on June 21, 2014.

f.    MCSO's lead investigator on the case was Deputy Marie Trombi.

g.    On or about August 27, 2017, with the authority given to her by her Sergeant, Deputy Trombi gave her full investigative file to a prosecutor, Shawn Steinberg, who then worked at the Maricopa County Attorney's Office ("MCAO").

h. In October 2014, the prosecutor, Shawn Steinberg, presented the case against Austin Flake and Logan Brown to a grand jury.

i. On October 14, 2014, the grand jury indicted Austin Flake and Logan Brown for 21 felony counts of animal cruelty.

j. On December 2, 2014, defense counsel for Austin Flake and Logan Brown moved to remand the indictments to the grand jury for a new determination of probable cause pursuant to Rule 12.9 of the Arizona Rules of Criminal Procedure (the "12.9 Motion").

k. After considering the Rule 12.9 Motion, MCAO moved to dismiss the case.

l. On January 7, 2015, the court granted MCSO's Rule 12.9 Motion and dismissed the case.

**2. The following material facts, although not admitted, will not be contested at trial by evidence to the contrary:**

a. It was proper for MCSO to conduct an investigation into the deaths of the dogs.

**3. The following issues of law are uncontested and stipulated to by the parties:**

a. Plaintiffs must establish the liability of each defendant by a preponderance of the evidence.

b. Plaintiffs must prove their damages against each defendant by a preponderance of the evidence.

c. Defendant must establish any affirmative defenses by a preponderance of evidence.

d. The prevailing party may be entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

**E.  CONTESTED ISSUES OF LAW AND FACT:**

**1. The following are issues of fact to be determined:**

a. Whether MCAO exercised independent judgment in deciding to prosecute

2112583.v1

Plaintiffs.

b.      Whether Trombi made a full and truthful disclosure of all material and relevant facts to the prosecutor.

c.      Whether Trombi intentionally or recklessly withheld and misrepresented evidence in connection with investigating and recommending that Plaintiffs be indicted and prosecuted for 21 felony counts of animal cruelty.

d.      Whether Trombi initiated or took active part in the criminal prosecution of Plaintiffs for 21 felony counts of animal cruelty.

e.      Whether Trombi acted with malice or reckless disregard by recommending MCAO charge Plaintiffs with 21 felony counts of animal cruelty.

f.      Whether Trombi was motivated by a desire to enforce the felony provisions of the animal cruelty statute or by some other desire in connection with investigating or recommending that Plaintiffs be charged and prosecuted with 21 felony counts of animal cruelty.

g.      What disclosed harms Plaintiffs suffered as a result of Defendants' actions in recommending that Plaintiffs be prosecuted for 21 felony counts of animal cruelty.

h.      Whether Todd and Maleisa Hughes were indicted, convicted, and served jail time for felony animal cruelty and fraud.

i.      Whether the air conditioning unit malfunctioned during the night of June 19, 2014 and the early morning hours of June 20, 2014.

j.      Whether Trombi had knowledge the HVAC unit malfunctioned.

k.      Whether Trombi had knowledge that an HVAC malfunction killed the dogs.

l.      Whether Trombi had knowledge Plaintiffs did not deliberately cause the HVAC to malfunction, or turn the thermostat up causing the compressor to cycle off, or shut off the HVAC completely.

m.      Whether Arpaio knew of and approved of Trombi's alleged unlawful basis for seeking criminal prosecution of Plaintiffs.

-5-

**2.     The following are the issues of law to be determined**:

a.      Whether Trombi is liable for malicious prosecution.

b.      Whether Maricopa County is liable for the acts of Trombi as alleged by Plaintiffs under <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).

c.      Whether Plaintiffs are entitled to punitive damages against the individual defendants.

d.      Whether Plaintiffs are entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2202.

Ruling:   Declaratory Judgment is improper because the coercive remedy of damages is full relief.

e.      Whether Trombi acted with deliberate indifference to or in reckless disregard of Plaintiffs' constitutional rights or the truth in obtaining the indictment of Plaintiffs.

f.      Whether Plaintiffs have presented sufficient evidence to rebut the presumption of prosecutorial independence.

g.      Whether Trombi is entitled to qualified immunity.

h.      Whether probable cause existed for MCSO or Trombi to recommend felony charges against Plaintiffs.

i.      Whether the presumption or defense of prosecutorial independence applies to Maricopa County.

j.      Whether it was objectively reasonable for Trombi to believe that she had probable cause to recommend charges against Plaintiffs.

k.      Whether Trombi pursued the investigation or charges for a purpose other than to enforce the law.

l.      Whether Maricopa County is properly a party to this case.

**F.     <u>LIST OF WITNESSES</u>**

Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a

party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another party.

1.      Plaintiffs' Witnesses

        a.      Plaintiffs' witnesses who shall be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 1 | Joseph M. Arpaio<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd., 4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600<br><br>(fact witness) | Mr. Arpaio will testify in accordance with his deposition and trial testimony. |
| 2 | Deputy Marie Trombi<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd., 4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600<br><br>(fact witness) | Ms. Trombi will testify in accordance with her deposition and trial testimony. |
| 3 | Austin Flake<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Mr. Flake will testify in accordance with his deposition testimony and trial testimony. |
| 4 | Logan Brown<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Ms. Brown will testify in accordance with her deposition and trial testimony. |
| 5 | Shawn Steinberg<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd., 4th Floor<br>Scottsdale, Arizona 85251 | Ms. Steinberg will testify in accordance with her deposition and trial testimony. |

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| | (480) 425-2600 | |
| 6. | Robert Kalinowski<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd.,<br>4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600 | Detective Kalinowski will testify regarding his knowledge of the investigation of Plaintiffs consistent with his deposition. |
| 7. | Jim Young<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd.,<br>4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600 | Mr. Young will testify regarding his knowledge of the investigation of Plaintiffs consistent with his deposition. |

b.      Plaintiffs' witnesses who may be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 8. | Sgt. Chris Lafko<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd.,<br>4th Floor<br>Scottsdale, Arizona 85251<br><br>(480) 425-2600 | Sgt. Lafko may testify regarding his knowledge (or alleged lack thereof) of the MCSO's power presumption graph. |

c.      Plaintiffs' witnesses who are unlikely to be called at trial:

| Witness Name and Address | Brief Description of Testimony |
|---|---|
| None | |

2.      Defendants' Witnesses

a.      Defendants' witnesses who shall be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 1 | Marie Trombi<br>Maricopa County Sheriff's Office<br>c/o Stephen M. Dichter<br><br>(Fact witness) | Ms. Trombi is anticipated to testify regarding her investigation of the events at the Green Acre dog boarding facility, and her presentation of MCSO's investigative files and charging recommendation to the Maricopa County Attorney's Office. |
| 2 | Shawn Steinberg<br>Office of the Attorney General<br>1275 W. Washington Street<br>Phoenix, AZ 85007<br>(602) 542-5025<br><br>(Fact witness) | Ms. Steinberg is anticipated to testify regarding her independent decision to present evidence to a grand jury resulting in indictment of Austin Flake, Logan Brown, Jesse Hughes, and Maleisa Hughes. |
| 3 | M.L. "Andy" Anderson<br>Police Advisory Services<br>10645 N. Tatum Blvd. #200- | Mr. Anderson is anticipated to provide testimony regarding the investigation by MCSO, consistent with his expert report in this matter. |

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| | 392<br>Phoenix, AZ 85028<br><br>(Expert Witness) | |
| 4 | Bernard Mangone, DVM<br>Palm Glen Animal Hospital<br>7771 N. 43rd Avenue<br>Phoenix, AZ 85051<br>(623) 688-5362<br><br>(Expert witness) | Dr. Mangone anticipated to testify regarding his investigation of the canine deaths at the Green Acres dog boarding facility and the report he prepared for MCSO at that time. |
| 5 | George J. Hogge, P.E.<br>Engineering Forensics<br>  Experts LLC<br>3136 E. Leland Circle<br>Mesa, AZ 85213<br>(602) 721-4202<br><br>(Expert witness) | Mr. Hogge is anticipated to testify regarding his investigation and analysis of the HVAC system at the Green Acre boarding facility, the SRP power consumption data, and his analysis of Plaintiffs' claims that the a/c unit was disrupted by a dog chewing through exposed wiring or by a frozen coil, consistent with his expert reports in this matter and in the criminal investigation. |
| 6 | Ret. Sergeant Chris Lafko<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 North Drinkwater Blvd.,<br>4th Floor<br>Scottsdale, Arizona 85251<br>(480) 425-2600<br><br>(Fact witness) | Mr. Lafko may be called upon to provide testimony regarding the investigation of the events at the Green Acre dog boarding facility, including but not limited to his review and approval of the charging recommendations.<br><br>**Plaintiffs object to this witness because he has <u>not</u> been previously disclosed.** |

      b.     Defendants' witnesses who may be called at trial:

| | Witness Name and Address | Brief Description of Testimony |
|---|---|---|
| 7 | Logan Brown<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Ms. Brown may be called upon to testify regarding her claims in this matter. |
| 8 | Austin Flake<br>c/o Stephen Montoya<br>Richard J. Trujillo<br>Montoya, Lucero & Pastor, P.A.<br>3200 North Central Avenue, Suite 2550<br>Phoenix, Arizona 85012<br>(602) 256-6718<br><br>(fact witness) | Mr. Flake may be called upon to testify regarding his claims in this matter. |

| | | |
|---|---|---|
| 9 | Nancy Bradley, DVM<br>Midwestern University of<br> Veterinary Medicine<br>5715 W. Utopia Road<br>Glendale, AZ 85308<br>(623)_537-6360<br><br>(Expert witness) | Depending upon the evidence presented and arguments advanced by Plaintiffs, Dr. Bradley may be called upon to provide testimony regarding her veterinary opinion as to conditions at the Green Acre boarding facility, consistent with her expert report in this matter. |
| 10 | Maleisa Hughes<br>15723 E. Appleby Road<br>Gilbert, AZ 85298<br><br>(Fact witness) | Ms. Hughes may be called upon to provide testimony concerning the events at the Green Acre boarding facility, the investigation by MCSO, the intense media and public interest following the deaths of the dogs, and the criminal indictments and her subsequent plea bargain and conviction of animal cruelty and fraud. |
| 11 | Jesse Hughes<br>15723 E. Appleby Road<br>Gilbert, AZ 85298<br><br>(Fact witness) | Mr. Hughes may be called upon to provide testimony concerning the events at the Green Acre boarding facility, the investigation by MCSO, the intense media and public interest following the deaths of the dogs, and the criminal indictments and his subsequent plea bargain and conviction of animal cruelty and fraud. |
| 12 | Joseph M. Arpaio<br>c/o Jeffrey S. Leonard<br>Sacks Tierney, P.A.<br>4250 N. Drinkwater Blvd.<br>Scottsdale, AZ 85251<br>(480) 425-2600<br><br>(Fact witness) | Mr. Arpaio may be called upon to provide testimony regarding the investigation of the events at the Green Acre dog boarding facility. Without limiting the generality of the foregoing, Mr. Arpaio would testify about the facts and circumstances of his oversight of that investigation, his delegation of the investigation to trusted subordinates including Detective Marie Trombi, and, depending on the evidence presented by Plaintiffs, his press conferences and public statements regarding the investigation. |
| 13 | Nancy Selover<br><br>(Fact witness) | Ms. Selover is the State Meteorologist. She may be called to testify to authenticate the weather station information for the stations surrounding the Hughes residence in the days before and after the event.<br><br>**Plaintiffs object to this witness because she was not timely disclosed.** |
| 14 | Ron Ballard<br><br>(Expert witness) | Mr. Ballard was the HVAC expert relied upon by George Hogge. He may be called upon to testify concerning his report, which formed a part of the report prepared by George Hogge during the investigation into the Green Acre dog deaths. |
| 15 | | |

c.   Defendants' witnesses who are unlikely to be called at trial:

| | **Witness Name and Address** | **Brief Description of Testimony** |
|---|---|---|
| 16 | Jason McIntyre | Mr. McIntyre is the owner of three dogs, two of |

2112583.v1

| | | |
|---|---|---|
| | (Fact witness) | which died at the Green Acre boarding facility. Depending upon the evidence presented and arguments advanced by Plaintiffs, Mr. McIntyre could be called upon to testify regarding the circumstances surrounding the deaths of his dogs, the failure of Plaintiffs to provide medical care, the circumstances under which his dog "Mia" was finally taken to a veterinarian, and the intense media and public interest in the incident. |
| 17 | Valerie Collins (Fact witness) | Ms. Collins is the owner of two dogs that died at the Green Acre boarding facility.  Depending upon the evidence presented and arguments advanced by Plaintiffs, Ms. Collins could be called upon to testify regarding the circumstances surrounding the deaths of her dogs, the failure of Plaintiffs to provide medical care, and the intense media and public interest in the incident. |
| 18 | Sterling Skousen (Fact witness) | Mr. Skousen is the next-door neighbor of the Hugheses and may be called upon to testify regarding the deaths of the dogs and the intense media and public interest following that event. |
| 19 | Regina Skousen (Fact witness) | Ms. Skousen is the next-door neighbor of the Hugheses and may be called upon to testify regarding the deaths of the dogs and the intense media and public interest following that event. |

## G.   LIST OF EXHIBITS

1.     The exhibits listed in **Exhibit A** are admissible in evidence and may be marked in evidence by the Clerk.  Parties must move each exhibit into evidence at trial and on the record.

2.     The parties have not reached any stipulations as to other exhibits.

3.     As to the exhibits listed in **Exhibit B**, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated therein. Those exhibits to which there are no objection remain listed in Exhibit B (as well as in Exhibit A) for purposes of clarity and in order to preserve the parties' exhibit numbering.

Each party hereby acknowledges by signing this Joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived.

## H.   DEPOSITIONS TO BE OFFERED

Plaintiffs may use the depositions of Marie Trombi and Joseph M. Arpaio at trial. Designated portions of the transcript of Marie Trombi, and objections thereto, are set forth

in **Exhibit C**. Designated portions of the transcript of Joseph M. Arpaio, and objections thereto, are set forth in **Exhibit D**.

Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be allowed, absent good cause.

**I.      MOTIONS IN LIMINE**

The motions have been ruled on to the extent they can be ruled on before trial.

**J.      LIST OF PENDING MOTIONS**

None.

**K.      PROCEDURES FOR EXPEDITING TRIAL**

The parties have discussed the following available procedures that might be used to expedite trial:

a.      Presenting stipulated summaries of deposition testimony rather than reading deposition excerpts.  The parties will present excerpts of deposition transcripts or excerpts of video recordings of deposition testimony.

b.      Editing videotaped depositions to limit the amount of time required for presentation.  The parties will edit videotaped depositions to contain only those portions of testimony that are designated for presentation at trial.

c.      Using summary exhibits in place of voluminous documentary evidence. The parties do not believe that summary exhibits are necessary or useful in the presentation of their evidence.

d.      Stipulations on authenticity and foundation.  The parties have reached stipulations as to the admissibility of evidence, which are reflected in Ex. A.

e.      Presenting direct expert testimony through summary or written reports.  The parties intend to present live expert witness testimony at trial.

f.      Using the courtroom technology to expedite the presentation of evidence. The parties will use courtroom technology to expedite the presentation of evidence.

**L.      ESTIMATED LENGTH OF TRIAL**

The Court has limited the trial of this matter to five days (30 hours) minus the time

2112583.v1

for jury selection.  The time after jury selection is divided equally between Plaintiffs and Defendants.  Trial time expended on objections is charged against the party who loses the objection.

Jury deliberation will begin no later than the sixth day (July 18, 2018).

**M.     JURY DEMAND**

The parties stipulate that the request for trial by jury was timely and properly made.

**N.     JOINT STATEMENT OF THE CASE**

The Plaintiffs in this matter are Austin Flake and Logan Brown, formerly husband and wife, but now divorced.  The Defendant in this matter is Marie Trombi, a detective with the Maricopa County Sheriff's Office.

Logan Brown's parents operated a dog boarding business out of their home.  In June 2014, Austin Flake and Logan Brown were in charge of the dogs while her parents were out of town.  Early one morning that week, twenty-one of the kenneled dogs were found dead or dying.

Deputy Trombi investigated the deaths of the dogs and the Sheriff's Office recommended to the Maricopa County Attorney's Office that Plaintiffs be charged with 21 felony counts of animal cruelty for the deaths of the 21 dogs.  Prosecutors presented the case against Austin Flake and Logan Brown to a grand jury, and they were indicted. The charges against Austin Flake and Logan Brown were later dismissed.  Austin Flake and Logan Brown claim that the Trombi recommended felony charges against them out of malice.  Trombi denies Plaintiffs' claims.

**O.     VOIR DIRE QUESTIONS**

1.     Good morning Ladies and Gentlemen.  This is the time set for trial in Austin Flake and Logan Flake v. Marie Trombi and Maricopa County.  Are the plaintiffs ready?   Are the defendants ready?

2.     Ladies and Gentlemen, I am Neil Wake, Senior US District Judge.  I will be the judge in this trial.

3.     Will the entire jury panel please stand and be sworn for examination on voir

dire.

4.     Ladies and Gentlemen, I will now ask you a series of questions to determine whether you can sit as fair and impartial jurors in this case.

    o   Please understand that the questions are not intended to embarrass you or pry into your personal affairs.

    o   In order to protect the privacy of jurors, we do not use the names of the jurors during jury selection.  This proceeding will be typed up and made a part of the permanent public record of the court, accessible to anyone. The lawyers, the parties, and I have a list of your names and juror numbers, so we know your names.  But we will address you only by your number to protect your privacy from anyone who may read the transcript of this proceeding in the future.

    o   If your answer to any question is "yes," please raise your hand so that additional questions can be asked.  I will ask further questions beginning with the people sitting in the jury box, then the people sitting in the right side of the courtroom, and then the people sitting in the left side of the courtroom.

    o   When you answer a question, please always begin by stating your juror number.  If your answer to a question is "no," you need do nothing; I will assume by your silence that your answer is no.  Please remember, if in response to any question you would feel more comfortable outside the presence of the other jury panel members, please let me know.  I will allow that at a convenient time, excuse others, and call you in one by one.  Please note, your answer is still on the record.

    o   Also, if at any time during our questioning one of you needs a break, please raise your hand and tell me that you need a recess.

5.  **ADMONITION:**  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people

-14-

involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.  If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.  I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

6.   Let me also introduce our court staff.

    o  Rebekka Walder is our courtroom deputy clerk.  She enters the court's rulings and other matters on records, assists in the proceedings generally, and will be assisting the jury.

    o  Laurie Adams is our court reporter.  She takes down everything that is said in the trial and types it up for the permanent record of the court.

    o  Matthew Ladew is my law clerk.  He will serve as bailiff during the trial and may also assist the jury if the courtroom clerk is not available.

    o  Do any of you know any member of my staff on any basis, social, professional or otherwise?

7.   The Plaintiffs are represented by Stephen G. Montoya and Richard J. Trujillo of Montoya Lucero & Pastor PA.  Counsel  please stand.

    o  Do any of you know Plaintiffs' counsel or any employees of his/her offices on any basis, social, professional or otherwise?

    o  Counsel, please introduce your clients.  Do any of you know either of the Plaintiffs on any basis, social, professional or otherwise?

8.   The defendant Maricopa County is represented by Jeffrey S. Leonard and

Evan F. Hiller of Sacks Tierney, P.A.  Counsel please stand.

- o   Do any of you know the Defendants' counsel or any employees of his/her office on any basis, social, professional or otherwise.
- o   Counsel, please introduce your client representative

Defendant Marie Trombi is represented by Stephen M. Dichter and J. P. Harrington of Christian, Dichter & Sluga. Counsel please stand.

- o   Do any of you know the Defendants' counsel or any employees of his/her office on any basis, social, professional or otherwise.
- o   Counsel, please introduce your client.  Do any of you know Defendant Marie Trombi on any basis, social, professional or otherwise?

9.  Please note that the parties, the attorneys and all witnesses have been instructed not to speak to you at any time either before or during the trial. Therefore, please do not feel offended if you see any of them outside of the court room and they do not speak with you.

10.  If there are questions that you would rather discuss with only the parties, counsel, and court staff present, please let the Court know and I will allow that.

11.  The case that will be tried today is Austin Flake and Logan Flake v. Marie Trombi and Maricopa County.

The Plaintiffs in this matter are Austin Flake and Logan Brown, formerly husband and wife, and now divorced. The Defendants in this matter are Marie Trombi, a detective with the Maricopa County Sheriff's Office and Maricopa County.

Logan Brown's parents operated a dog boarding business out of their home. In June 2014, Austin Flake and Logan Brown were in charge of the dogs while her parents were out of town. Early one morning that week, twenty-one of the kenneled dogs were found dead or dying.

-16-

2112583.v1

Deputy Trombi investigated the deaths of the dogs and the Sheriff's Office recommended to the Maricopa County Attorney's Office that Plaintiffs be charged with 21 felony counts of animal cruelty for the deaths of the 21 dogs. Prosecutors presented the case against Austin Flake and Logan Brown to a grand jury, and they were indicted. The charges against Austin Flake and Logan Brown were later dismissed. Austin Flake and Logan Brown claim that Trombi recommended felony charges against them for an improper purpose, that is, to garner publicity for Sheriff Arpaio and to embarrass Senator Jeff Flake.   Trombi and Maricopa County deny Plaintiffs' claims.

**Hardship and Conflicts**

12. You have been given a sheet with questions to answer.  Beginning with Juror No. 1, please stand and answer each question.  With respect to prior jury service, please state each prior jury on which you have served, whether the trial was civil or criminal, the nature of the civil trials on which you have served, and the outcome of the trial.  Also state whether you have served on a Grand Jury.

13. This case will last 5 days or fewer.  I expect to conduct trial on Thursday and Friday of this week and continuing on Monday, Tuesday and Wednesday of next week, from 8:30 a.m. to 5:00 p.m., with a one hour break at noon for lunch.  We will take one break in the morning and one break in the afternoon of 20 minutes.

    o Would it create an undue hardship for any of you to serve as a juror in this trial?

14. Do any of you have any other reason whatsoever, such as a physical difficulty, a health problem or home problems that might interfere with your serving as a fair and impartial juror in this case?

15. Given this brief description of the facts, is there anything about this case that would cause you to believe that you could not consider the evidence fairly

2112583.v1

and impartially according to the law?

**Arpaio and Flake**

16.     Plaintiff Austin Flake is the son of U. S. Senator Jeff Flake.  Is there any that think his family relation that could affect your ability to be a fair and impartial juror in this case?

17.     Have you ever made contributions to any of Sheriff Arpaio's political campaigns or his opponents?  When?

18.     Have you ever had a bumper sticker or window decal on your car or a yard sign supporting or opposing Sheriff Arpaio?

19.     In the 2012 senatorial election, did you have a bumper sticker on your car or yard sign supporting or opposing Senator Jeff Flake?

20.     Do you have strong feelings for or against former Sheriff Joseph Arpaio? [Yes or No, with follow up questioning.]

--     Would your feelings affect your ability to be a fair and impartial juror in this case?

21.     Do you have strong positive or negative feelings regarding United States Senator Jeff Flake?  Yes or No. [Individual questioning.]

--     Would your feelings affect your ability to be a fair and impartial juror in this case?

**News coverage**

22.     Have any of you read or heard anything about this case from any source whatsoever?

23.     Identify news coverage.

24.     Are you able to set aside entirely what you have read or heard about this case and decide the case solely based on the evidenced at trial and the instructions on the law as I give them to you?

25.     Is there anything in particular that you have heard or read about this case he you might not be able to set aside? **[Individual questions:]** What is it?

**Other**

26.　The witnesses who may be called during this trial are:

- o **Joseph M. Arpaio**
- o **Deputy Marie Trombie**
- o **Plaintiff Austin Flake**
- o **Plaintiff Logan Brown**
- o **Shawn Steinberg, Assistant Attorney General**
- o **Detective Robert Kalinowski**
- o **Jim Young**
- o **M. L. "Andy" Anderson, Police Advisory Services**
- o **Bernard Mangone, DVM, Palm Glen Animal Hospital**
- o **George J. Hogge, P.C., Engineering Forensics Experts LLC**
- o **Nancy Bradley, DVM, Midwestern University of Veterinary Medicine**
- o **Maleisa Hughes**
- o **Jesse Hughes**
- o **Nancy Selover**
- o **Ron Ballard**
- o **Jason McIntyre**
- o **Valerie Collins**
- o **Sterling Skousen**
- o **Regina Skousen**

　　Do any of you know or think you might know any of these witnesses?

27.　Do any of you have strong feelings either for or against a party who brings a lawsuit?

28.　Did any of you know each other before this morning?

29.　Do any of you own dogs now or in the past?

30.　Have any of your pets ever been abused?

31.　Have you ever accused anyone of mistreating an animal?

-19-

32.    Have you, any of your family members, or any of your close friends ever worked for a law enforcement agency before?

33.    Have you, any of your family members or any of your close friends ever worked for a prosecutor's office before?

34.    Do you have any strong positive or negative feelings about Maricopa County or its leadership?

35.    Do you think it is improper or otherwise inappropriate for someone to sue the government?

36.    Do you think it is improper or otherwise inappropriate for someone to sue law enforcement officers

37.    Have you or any of your friends or family members had any particularly pleasant or unpleasant experiences with any law enforcement officer or law enforcement agency?  If yes, please explain the circumstances. Would this affect your ability to be a fair and impartial juror in this case?

38.    Have any of you ever worked on home air conditioning systems?  What is the extent of the work?

39.    Have any of you or members of your family been a party or witness in any litigation (excluding domestic relations, traffic, or probate)?

40.    Do you or your immediate family members participate in any community organizations related to public safety, law enforcement or criminal justice? Which ones?

41.    I will instruct you on the law at the conclusion of the case.  If selected as a juror, you will take an oath to follow the law.  Do any of you think you would have trouble following the law even if you may disagree with it?

42.    Will you be able to render your verdict solely on the basis of the evidence presented during the trial, setting aside any personal beliefs, opinions, or biases you might have?

43.    Is there anything that has occurred to any of you, or are there any facts that you think we should know about, that might affect your ability to be a fair

and impartial juror in this case?

44.   Counsel for the plaintiff, do you have any further questions at this time?

45.   Counsel for the defendant, do you have any further questions at this time?

46.   [If further questions in private]  Ladies and Gentlemen, we will now take a _____ recess.  I ask that the following jurors wait in the hallway outside the courtroom   until we have had a chance to speak with each of you privately.  After we have spoken with these jurors privately, we will select those of you who will serve as jurors in this case.  I admonish you not to discuss this case among yourselves or with anyone else during this break. When you return, please sit in the back of the courtroom.

47.   If you were the plaintiff or the attorney for the plaintiff, or if you were the defendant or the attorney for the defendant in this case, would you be unwilling to have ten persons with the same frame of mind that you now have sitting as jurors this case?

48.   Plaintiff/Counsel, are there any challenges for cause?

49.   Plaintiff, do you pass the panel?

50.   Counsel for the defendant, do you pass the panel?

51.   Recess for strikes.

Peremptory strikes (3 per side – 18 USC § 1870 & FRCP 47(b); simultaneous and secret (Local Rule 2.15)).


**P.**   **JOINT PROPOSED JURY INSTRUCTIONS**

To be filed separately.

**Q.**   **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.   All discovery has been completed.

2.   The identity of each witness has been disclosed to opposing counsel.

3.   Each exhibit listed herein: (a) is in existence; and (b) has been disclosed and

2112583.v1

shown to opposing counsel.

4.      The parties have complied in all respects with the mandates of the Court's Rule 16 Scheduling Order and Order Setting Final Pretrial Conference.

5.      The parties have made all of the disclosures required by the Federal Rules of Civil Procedure (unless otherwise previously ordered to the contrary).

6.      The parties acknowledge that once this Proposed Final Pretrial Order has been signed and lodged by the parties, no amendments to this Order can be made without leave of Court.

## R.      INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, the parties hereby agree that they will file a Notice to Court Reporter one week before trial, containing the following information that may be used at trial:

1.      Proper names, including those of witnesses.

2.      Acronyms.

3.      Geographic locations.

4.      Technical (including medical) terms, names or jargon.

5.      Case names and citations.

A copy of key depositions will also be sent or electronically transmitted.

IT IS SO ORDERED.

Dated this 22nd day of June, 2018.


_____
Neil V. Wake
Senior United States District Judge

2112583.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
# Admissible Exhibits

**EXHIBITS ADMISSIBLE IN EVIDENCE**
**BY STIPULATION OF THE PARTIES**

| Number | Description |
|--------|-------------|
| 5 | Indictments of Austin Flake and Logan Flake (Oct. 14, 2014) |
| 7 | Final Release Order of Austin Flake (Nov. 13, 2014) |
| 8 | Final Release Order of Logan Flake (Nov. 13, 2014) |
| 9 | State's Motion to Dismiss (Dec. 23, 2014) |
| 10 | Order regarding State's Motion to Dismiss of January 6, 2015 |
| 19 | Electrical Usage Chart prepared by MCAO |
| 20 | Electrical Usage Chart from MCSO of unknown date and unknown author |
| 21 | Telephone Chart from MCSO |
| 22 | 12 News, "MCSO: 17 dogs dead in 'tragic accident' at Gilbert boarding service" [MCSO_003416-3417] |
| 31 | SRP Data [MCSO_000001-395] |
| 32 | SRP Data [FLAKE 1912-2298] |
| 37 | MCSO Submittal Form and Probable Cause Statement [MCSO_1325-1341] |
| 38 | M. Trombi Supplemental Report [MCSO_1342-1344] |
| 39 | MCSO Justification for Charges [MCSO_1345-1355] |
| 42 | M. Trombi Supplemental Report re: Service of Search Warrant [MCSO_001847-1849] |
| 49 | Drawing of 15723 E. Appleby Road Floor Plan [MCSO_001862] |
| 91 | ME of Not Guilty Arraignment of Austin Flake (Nov. 13, 2014) |
| 92 | ME of Not Guilty Arraignment of Logan Flake (Nov. 13, 2014) |

2112583.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B
# Exhibits with Objections

2112583.v1

# Plaintiffs' Proposed Exhibits

| Number | Description | Defendants' Objections |
|---|---|---|
| 1 | Grand Jury Transcript of October 10, 2014 | Lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 2 | Austin and Logan Flake's Motion for Remand of December 2, 2014 in CR2014-002779 and all attachments thereto | Hearsay; potential for prejudice, confusion, and delay outweigh probative value; some attachments are unsupported and undisclosed expert testimony and should be excluded on that basis; to the extent attachments are admissible and have probative value, they are duplicative of other exhibits or should be admitted individually and separately. |
| 3 | Transcript and Video of Joseph Arpaio's Press Conference of September 9, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 4 | MCAO Bill Montgomery's News Release of December 22, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 5 | Indictments of Austin Flake and Logan Flake (Oct. 14, 2014) | [No objections] |
| 6 | YouTube video, https://youtu.be/bjCZy2G4g00, stating that, "I anticipate the charges will be re-filed regarding the facts that we obtained doing our investigation," and that the "criminal justice system, I feel, will prevail and justice will be done." | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 7 | Final Release Order of Austin Flake (Nov. 13, 2014) | [No objections] |
| 8 | Final Release Order of Logan Flake (Nov. 13, 2014) | [No objections] |
| 9 | State's Motion to Dismiss (Dec. 23, 2014) | [No objections] |
| 10 | Order regarding State's Motion to Dismiss of January 6, 2015 | [No objections] |

| 11 | MCSO Press Release of June 23, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 12 | MCSO Press Release of June 26, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 13 | MCSO Press Release of July 9, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 14 | MCSO Press Release of December 22, 2014 | Hearsay; lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 15 | Email from Robert Kalinowski to Jim Young, dated July 15, 2014 | Lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 16 | Email from Robert Kalinowski to Jim Young, dated July 17, 2014 | Lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 17 | Email from Jim Young to Robert Kalinowski regarding graphing electricity usage, dated July 21, 2014 | Lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 18 | Email from Jim Young to Robert Kalinowski regarding SRP power graph, dated July 21, 2014 | Lack of relevance; potential for prejudice, confusion, and delay outweigh probative value. |
| 19 | Electrical Usage Chart prepared by MCAO | [No objections] |
| 20 | Electrical Usage Chart from MCSO of unknown date and unknown author | [No objections] |
| 21 | Telephone Chart from MCSO | [No objections] |
| 22 | 12 News, "MCSO: 17 dogs dead in 'tragic accident' at Gilbert boarding service" | [No objections] |

2112583.v1

## Defendants' Proposed Exhibits

| Number | Description | Plaintiffs' Objections |
|--------|-------------|------------------------|
| 30 | Complete MCSO Investigative File (Demonstrative) [MCSO_001270-3333] | Objection: this exhibit is replete with prejudicial, irrelevant hearsay by alleged victims (the dog owners) and alleged experts (veterinarians). |
| 31 | SRP Data [MCSO_000001-395] | No objection. |
| 32 | SRP Data [FLAKE 1912-2298] | No objection. |
| 33 | R Kalinowski Supplemental Report re SRP records obtained [MSCO_002448-2872] | Objection: this exhibit is replete with prejudicial, irrelevant hearsay by alleged victims (the dog owners) and alleged experts (veterinarians). |
| 34 | MCSO Incident Report [MCSO_001270-76] | Objection: this exhibit is replete with prejudicial, irrelevant hearsay by alleged victims (the dog owners) and alleged experts (veterinarians). |
| 35 | D. Beck Narrative Supplement re pet owners report of deceased dogs [MCSO_001277-78] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 36 | A. Flowers Narrative Supplement re contact with various dog owners [MCSO_000440-41; MCSO_1279-80] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 37 | MCSO Submittal Form and Probable Cause Statement [MCSO_1325-41] | No objection. |
| 38 | M. Trombi Supplemental Report [MCSO_1342-1344] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 39 | MCSO Justification for Charges [MCSO_1345-55] | No objection. |
| 40 | Report of Bernard Mangone | Objection: hearsay, lack of foundation, relevance, undue prejudice. |

2112583.v1

| | | |
|---|---|---|
| | [MCSO_1358-62] | |
| 41 | H.R. Redman Supplemental Report re Sandy<br><br>[MCSO_1569-71] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 42 | M. Trombi Supplemental Report re: Service of Search Warrant<br><br>[MCSO_001847-49] | No objection. |
| 43 | D. Daniel Supplemental Report re Interviews<br><br>[MCSO_001696-99] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 44 | S. Mendoza Supplemental Report including attached "Louie" Veterinary Records<br><br>[MCSO_001718-22] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 45 | Report of George Hogge<br><br>[MCSO_001921-68] | Objection: hearsay, lack of foundation. |
| 46 | R. Kalinowski Supplemental Report re: Cellular Telephone Analysis<br><br>[MCSO_001976-82] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 47 | M. Trombi Incident Report re: "Mia"<br><br>[MCSO_3324-25] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 48 | M. Trombi Supplemental Report, including attached veterinary record for "Mia"<br><br>[MCSO_001494-1504] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 49 | Drawing of 15723 E. Appleby Road Floor Plan<br><br>[MCSO_001862] | No objection. |
| 50 | CNN.com, "20 dogs die in Arizona heat after air conditioning kicks out on Senator's son"<br><br>[MCSO_003403-04] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 51 | USA Today, "Arizona sheriff: 20 dogs dead in pet-boarding accident" | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |

2112583.v1

| | | [MCSO_003407-08] | |
|---|---|---|---|
| | 52 | FOX News 10, Facebook post<br>[MCSO_003411] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 53 | CBS 5 AZ, "Furious pet owners demand necropsies on dogs"<br>[MCSO_003412-13] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 54 | Huffington Post, "Jeff Flake's Son Linked to Horrifying Dog Deaths: Report"<br>[MCSO_003414-15] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 55 | The Tragedy at Green Acre Dog Boarding Gilbert, AZ, Facebook Post<br>[MCSO_003430-31] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 56 | The Tragedy at Green Acre Dog Boarding Gilbert, AZ, Facebook post<br>[MCSO_003432] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 57 | AZ Republic, "Owners of Gilbert dog-boarding service 'heartbroken'"<br>[MCSO_003418-20] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 58 | Phoenix New Times, "Photos: Inside the Gilbert Dog-Boarding Facility Where 20 Dogs Died"<br>[MCSO_003421-29] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 59 | Photograph<br>[MCSO_000479] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 60 | Photograph<br>[MCSO_000480] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 61 | Photograph<br>[MCSO_000481] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| | 62 | Photograph<br>[MCSO_000482] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |

-30-

| 63 | Photograph [MCSO_000483] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 64 | Photograph [MCSO_000484] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 65 | MCSO Supplemental Question # 1a and #2 [MCSO_002332] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 66 | MCSO Supplemental Question # 1b [MCSO_002338] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 67 | MCSO Supplemental Question # 1c [MCSO_002343] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 68 | MCSO Supplemental Question # 1d [MCSO_002349] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 69 | MCSO Supplemental Question # 3 [MCSO_002357] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 70 | MCSO Supplemental Question # 5 [MCSO_002361] | Objection:  hearsay, lack of foundation, relevance, undue prejudice. |
| 71 | MCSO Supplemental Question # 6 and # 8 [MCSO_002363] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 72 | MCSO Supplemental Question # 7 [MCSO_002382] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 73 | MCSO Supplemental Question # 15 [MCSO_002421] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 74 | MCSO Supplemental Question # 18 [MCSO_002422] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 75 | MCAO News Release of October 15, 2014 | Objection: hearsay, lack of foundation, relevance, undue prejudice. |

2112583.v1

| | | [MCSO_001252]<br><br>* Defendants offer this exhibit only if Plaintiff's Exhibit 4 (MCAO news release of 12/22/14) is admitted. | |
|---|---|---|---|
| | 76 | MCAO News Release of May 6, 2015<br><br>* Defendants offer this exhibit only if Plaintiff's Exhibit 4 (MCAO news release of 12/22/14) is admitted. | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| | 77 | Phoenix Mesa Gateway Airport Historical Temperature Data (June 19-20, 2014)<br><br>[MCSO_003365-66] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| | 78 | Accuweather.com for June 2014<br><br>[FLAKE 0732-0733] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| | 79 | Weather Data from Station AT202<br><br>[TROMBI 000001-6] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 80 | Weather Data from Station AU340<br><br>[TROMBI 000007-17] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 81 | Weather Data from Station D2495<br><br>[TROMBI 000018-38] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 82 | Weather Data from Station D5071<br><br>[TROMBI 000039-56] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 83 | Weather Data from Station SRP15<br><br>[TROMBI 000057-89] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 84 | Map of Gilbert Weather Stations<br><br>[TROMBI 000090] | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| | 85 | MCAO Draft Response to Dennis Wilenchik's Rule | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |

-32-

| | | 12.9 Motion | |
|---|---|---|---|
| 1 | | | |
| 2 | 86 | CR2015-001839 Motion for Remand (Sept. 2, 2015) | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| 3 | | | |
| 4 | 87 | CR2015-001839 Response to Motion for Remand (Oct. 2, 2015) | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| 5 | | | |
| 6 | 88 | CR2015-001839 Reply ISO Motion for Remand (Oct. 13, 2015) | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| 7 | | | |
| 8 | 89 | CR2015-001839 Minute Entry denying Motion for Remand (Dec. 31, 2015) | Objection:  hearsay, lack of foundation, relevance, undue prejudice and non-disclosure. |
| 9 | | | |
| 10 | 90 | "Green Acre" Kennel Weekly/Monthly Planner (entries for June 2014) [MCSO_002245-54] | Objection: hearsay, lack of foundation, relevance, undue prejudice. |
| 11 | | | |
| 12 | 91 | ME of Not Guilty Arraignment of Austin Flake (Nov. 13, 2014) | No objection. |
| 13 | | | |
| 14 | 92 | ME of Not Guilty Arraignment of Logan Flake (Nov. 13, 2014) | No objection. |
| 15 | | | |
| 16 | 93 | ME granting Austin Flake's Motion to Modify Travel Restrictions (Dec. 18, 2014) | Irrelevant. |
| 17 | | | |
| 18 | 94 | ME granting Logan Flake's Motion to Modify Travel Restrictions (Dec. 18, 2014) | Irrelevant. |
| 19 | | | |

2112583.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

# Marie Trombi Deposition Designations

2112583.v1

## DEPOSITION TESTIMONY OF MARIE TROMBI

**Plaintiffs' Designations:**

- **p. 181, line 17 to p. 184, line 19**

Defendants object to the presentation of more than three full pages of deposition testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be introduced through live testimony, because much of the designated portion of the deposition is irrelevant, needlessly cumulative, and would cause undue delay.

Defendants object to 181:22- 182:12 because this exchange between Plaintiffs' counsel and Deputy Trombi is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 182:13-182:25 because this testimony is irrelevant, cumulative, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 183:9-11 because this question is unduly prejudicial, and because the testimony is irrelevant and likely to result in confusion and undue delay.

Defendants object to 183:18-184:19 because this testimony is clearly speculative, irrelevant, likely to result in confusion and undue delay, and because the questions are unduly prejudicial.

Although Defendants object to the use of this deposition and to the above specific testimony, if Plaintiffs are permitted to present any portion of the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  184:20-185:1; 185:13-186:5.**


- **p. 206, lines 18-22;**

Defendants object to 206:18-22 because the answer to this question is incomplete as designated.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  206:1-17; 206:22-24.**

2112583.v1

- **p. 249, lines 15-25, p. 250, lines 1-6;**

Defendants object to 249:15-250:6 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

- **p. 252, lines 2-10;**

Defendants object to 252:2-5 based on the form of the question, which lacks foundation, assumes facts not in evidence, and is irrelevant and unduly prejudicial.

Defendants object to 252:2-10 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional**

2112583.v1

portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.

- **p. 255, lines 1-10;**

Defendants object to 255:1-10 under Fed.R.Evid. 402 and 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  250:7-251:24, 253:3-13, 268:10-12, 266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

- **p. 256, lines 9-25, p. 257, lines 1-15;**

Defendants object to 256:9-257:15 under Fed.R.Evid. 402, 403.  The Court has already determined that the evidence will not support a finding that Deputy Trombi did not act in good faith in recommending charges against Plaintiffs and has dismissed all claims against Deputy Trombi.  The Court has also already determined that there was no probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's testimony regarding air conditioning and regarding Austin Flake and Logan Brown's knowledge and intent is not probative of any disputed issue of law or fact in the case, is unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and undue delay.

2112583.v1

1      Defendants object to 256:9-20 under Fed.R.Evid. 802.   This is counsel's

2   characterization of an out of court statement by Austin Flake offered for its truth.

3

4   • **p. 281, line 14 to p. 282, line 9**

5      Defendants object to 281:14-282:9 under Fed.R.Evid. 402 and 403.  The Court has

6   already determined that the evidence will not support a finding that Deputy Trombi did

7   not act in good faith in recommending charges against Plaintiffs and has dismissed all

8   claims against Deputy Trombi.  The Court has also already determined that there was no

9   probable cause to indict Austin Flake and Logan Brown.  Accordingly, Deputy Trombi's

10  testimony regarding air conditioning and regarding Austin Flake and Logan Brown's

11  knowledge and intent is not probative of any disputed issue of law or fact in the case, is

12  unduly prejudicial, is unnecessarily cumulative, and is likely to result in confusion and

13  undue delay.

14     Defendants object to 281:14-21 under Fed.R.Evid 803 because it counsel's

15  characterization of out of court statements offered for their truth.

16     Although Defendants object to the use of this deposition, if Plaintiffs are permitted

17  to present the above testimony at trial, **Defendants designate the following additional**

18  **portions of the deposition to be considered:   250:7-251:24, 253:3-13, 268:10-12,**

19  **266:21-267:3, 268:21-269:1, 271:5-22, 283:4-284:11.**

20

21

22

23

24

25

26

27

28

2112583.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

# Joseph Arpaio Deposition Designations

## DEPOSITION TESTIMONY OF JOSEPH ARPAIO

**Plaintiffs' Designations:**

- **p. 133, lines 1-4, 9-12, 18-20, 25; p. 234, lines 1-3;**

Defendants object to 133:1-4, 133:9-12, 133:18-20, and 133:25-134:3 under Fed.R.Civ.P. 402 and 403 because the questions are argumentative and misleading and because the questions and answers, as designated, are incomplete and incomprehensible. These deficiencies render the offered testimony irrelevant and incomprehensible, unduly prejudicial, and likely to result in confusion, misleading of the jury, and undue delay.

Defendants object to 133:1-4 under Fed.R.Civ.P. 402 and 403 because neither the question nor the answer is complete, and as designated this testimony is irrelevant and incomprehensible, and therefore likely to result in confusion and undue delay.

Defendants object to 131:9-12 under Fed.R.Civ.P. 402, 403, and 802 because it is a question but no answer.  The questions, standing alone, are not admissible into evidence. The questions, if read as designated with the answers excised, are irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 131:18-20 under Fed.R.Civ.P. 402 and 403 because the answer is complete incomplete, and as designated this testimony is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Defendants object to 131:25-134:3 under Fed.R.Civ.P. 402, 403 and 802 because the question is argumentative, misleading, and misstates the witness's testimony.  This designated portion of the deposition contains inadmissible hearsay, is irrelevant, is unduly prejudicial, and is likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  132:24-133:8, 133:16-17, 133:20-24, 134:10-12.**

- **p. 137, lines 12-16;**

Defendants object to 137:12-16 under Fed.R.Evid. 402 and 403 because the question is argumentative, misleading, and misstates the record, and because this testimony as designated is irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

Although Defendants object to the use of this deposition, if Plaintiffs are permitted to present the above testimony at trial, **Defendants designate the following additional portions of the deposition to be considered:  136:24-137:11, 137:17-138:3.**

- **p. 161, line 20 to p. 164, line 14;**

Defendants object to the presentation of more than three full pages of deposition testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be introduced through live testimony, and because much of the designated portion of the deposition is irrelevant, needlessly cumulative, and would cause undue delay.

Defendants object to 161:24-163:2 under Fed.R.Evid. 402, 403, and 802.  This portion of the transcript consists primarily of a lengthy exchange between counsel and contains no questions or answers.   Accordingly, this portion of the transcript is inadmissible hearsay, is irrelevant, and could only confuse the jury and cause undue delay.

Defendants object to 163:3-164:12 under Fed.R.Evid. 402, 403, and 802 because this testimony is confusing and unclear, has little if any relevance to contested issues of fact or law in this matter, and would lead to confusion and undue delay.

- **p. 190, line 4 to p. 195, line 1;**

Defendants object to the presentation of more than four full pages of deposition testimony under Fed.R.Evid. 402 and 403 because relevant evidence can instead be introduced through live testimony, and because much of the designated portion of the deposition is irrelevant, needlessly cumulative, unduly prejudicial, and would cause confusion and undue delay.

2112583.v1

Defendants object to 190:4-9 under Fed.R.Evid. 402 because it is not probative of any contested issue of fact or law that remains in this case.

Defendants object to 190:10-195:1 under Fed.R.Evid. 402, 403, and 802.   This designated portion of the deposition consists almost entirely of Plaintiffs' counsel's characterizations of Mr. Wilenchik's out of court statements and of Plaintiffs' counsel's inadmissible hearsay statements that Mr. Wilenchik's out of court statements were true. These "questions" lack foundation and are argumentative and misleading.   Moreover, the Court has already determined that Deputy Trombi did not lie to the grand jury or to prosecutors; even if that were still a contested issue of fact, Deputy Trombi's grand jury testimony is not relevant to any of the claims or defenses in this case.   These designations are inadmissible hearsay, irrelevant, unduly prejudicial, and likely to result in confusion and undue delay.

- **p. 202, lines 7-16;**

  Defendants have no objection to the use of this deposition testimony at trial.

- **p. 205, line 23 to p. 206, line 16.**

Defendants object to 206:9-11 under Fed.R.Evid. 402, 403, and 802 because the question is misleading and implies that MCSO indicted Plaintiffs.   This characterization, which is attorney argument, is inadmissible hearsay, irrelevant, unduly prejudicial, and likely to result in confusion.

-42-

2112583.v1