Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Michael Arpaio, et al.,<br><br>Defendants. | No. CV 15-01132-PHX-NVW<br><br>**PLAINTIFFS' MEMORANDUM REGARDING THE CONSTITUTIONAL BASIS FOR A MALICIOUS PROSECUTION CLAIM UNDER SECTION 1983** |

Pursuant to the Court's Order of June 21, 2018, Plaintiffs submit the following Memorandum regarding the constitutional basis for their malicious prosecution claim under Section 1983, 42 U.S.C. § 1983.

Respectfully submitted this 27th day of June 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

*/s/ Stephen Montoya*
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs asserted the federal claims in this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.[1]  Originally known as the "Third Enforcement Act" or the "Ku Klux Klan Act," the 42nd Congress passed what is now known as "Section 1983" three years after the ratification of the Fourteenth Amendment in order to help secure the federal rights of the recently emancipated slaves and their supporters by providing a private right of action for the "deprivation of any rights, privileges or immunities secured by the Constitution and laws" of the United States.  See generally, T. Eisenberg, Section 1983: Doctrinal Foundations and an Empirical Study, 67 Cornell L. Rev. 482, 484 (1982).

Over the years, the federal courts have interpreted the Fourteenth Amendment to protect (by means of "incorporation" or otherwise) virtually all of the rights protected by the Bill of Rights.  See, e.g., Gitlow v. New York, 268 U.S. 652 (1925) (free speech), Mapp v. Ohio, 367 U.S. 643 (1961) (search and seizure), and McDonald v. City of Chicago, 561 U.S. 742, 750, 754-766 (2010) (the right to bear arms) ("We have previously held that most of the provisions of the Bill of Rights apply with full force to both the Federal Government

---

[1]  Section 1983 (as amended) provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

2

and the States").[2]  See generally Akhil Amar, The Bill of Rights, 181-215 (1998).  Thus, Section 1983 provides a private right of action for the violation of any right protected by the Fourteenth Amendment.  Accordingly, beginning with the Supreme Court of the United States' decision in Monroe v. Pape, 365 U.S. 167 (1961), Section 1983 has become the primary vehicle to assert virtually all claims alleging the violation of any right under the Fourteenth Amendment by persons or entities acting "under color of state law," including malicious prosecution claims against local law enforcement officers.[3]

In accordance with this tradition, for (at least) the past 37 years, the Ninth Circuit has repeatedly ruled that an individual may bring a federal action for "malicious prosecution" under Section 1983 similar to the common law claim known by the same name, if the individual can also prove that the alleged violator intentionally or recklessly violated one of the individual's federal constitutional rights.  See, e.g., Lacey v. Maricopa County, 693 F.3d 896, 919-920 (9th Cir. 2012), Lassiter v. Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009), Awabdy v. City of Adelanto, 368 F.3d 1062, 1066-1071 (9th Cir. 2004),

---

[2]  Justice Alito's majority opinion in McDonald includes a thorough summary of the history of the application of the Bill of Rights to the States by means of the Fourteenth Amendment at 561 U.S. at 754 to 766.

[3]  The elected representatives of the 42nd Congress who drafted Section 1983 were aware that "Sheriffs" and "grand and petit juries" could "conceal the truth or falsify it" in violation of an individual's rights under the Fourteenth Amendment:

> Sheriffs, having eyes to see, see not; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it; grand and petit juries act as if they might be accomplices. In the presence of these gangs all the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. Among the most dangerous things an injured party can do is to appeal to justice.

Cong. Glob, 42d Cong., 1st Sess., pt. 2, app. at 78 (1871), remarks of Representative A.F. Perry (R) of Ohio on March 31, 1871.

Freeman v. City of Santa Ana, 68 F.3d 1180, 1089 (9th Cir. 1995), Usher v. City of Los Angeles, 828 F.2d 556, 561-562 (9th Cir. 1987), Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985), and Cline v. Brusett, 661 F.2d 108, 112 (9th Cir. 1981).

In Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985), the Ninth Circuit—sitting en banc—explained that the constitutional predicate for a federal malicious prosecution action is the due process clause of the Fourteenth Amendment:

> We have held that malicious prosecution generally does not constitute a deprivation of liberty without due process of law and is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs. Cline v. Brusett, 661 F.2d 108, 112 (9th Cir. 1981). But, we have also held that an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights. Id.

Accordingly, based on these authorities and in answer to the Court's Order of June 21, 2018, the constitutional basis for a federal malicious prosecution claim is the due process clause of the Fourteenth Amendment.

Respectfully submitted this 27th day of June 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

4

I hereby certify that on June 27, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey S. Leonard
Evan F. Hiller
Sacks Tierney, P.A.
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

Stephen M. Dichter
J.P. Harrington Bisceglia
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Counsel for Defendant Marie Trombi

_/s/ Stephen Montoya_____