Stephen Montoya (#011791)
Richard J. Trujillo (#002730)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Michael Arpaio, et al.,<br><br>Defendants. | No. CV 15-01132-PHX-NVW<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM REGARDING THE CONSTITUTIONAL BASIS FOR A MALICIOUS PROSECUTION CLAIM**<br><br>(Oral argument requested) |

Plaintiffs submit the following Reply brief regarding the constitutional basis for their malicious prosecution claim under Section 1983, 42 U.S.C. § 1983.

Respectfully submitted this 3rd day of July 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction:**

This Court's <u>Order</u> of June 21, 2018 directed Plaintiffs to provide the Court with a <u>Memorandum</u> establishing the existence of their constitutional right under the Fourteenth Amendment not to be subjected to malicious prosecution.

Plaintiffs understood this directive to request that Plaintiffs identify the specific constitutional provision upon which they base their federal malicious prosecution claim against Defendants—which Plaintiffs identified as the right not to be deprived of liberty without due process of law under the Fourteenth Amendment. <u>See</u>, <u>e.g.</u>, <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Having now read Defendants' <u>Response</u> to Plaintiffs' <u>Memorandum</u>, filed just yesterday afternoon, it appears that Defendants are unaware of how Trombi's material misstatements and omissions to the County Attorney actually impacted Plaintiffs' constitutional rights in their everyday lives.

In fact, as explained below, Plaintiffs were deprived of their liberty interests without due process when Trombi's material misstatements and omissions resulted in their indictment and the consequent loss of their rights to freely travel and work as animal care providers.[1]

**Argument:**

The Ninth Circuit has repeatedly recognized that police officers "can be liable [for malicious prosecution] . . . if they made false reports to the prosecutor, omitted material information from the [investigative] reports, or otherwise prevented the prosecutor from exercising independent judgment." <u>Barlow v. Ground</u>, 943 F.2d 1132, 1136 (9th Cir. 1991). <u>See</u> <u>also</u> <u>Borunda v. Richmond</u>, 885 F.2d 1384, 1390 (9th Cir. 1988). Based on this line of cases, this Court vacated its summary judgment order in favor of Trombi on Plaintiffs' Section 1983 claims, explaining that:

---

[1] These arguments are not new to Trombi, as they were also raised in Plaintiffs' <u>Response</u> to Defendants' <u>Motion for Summary Judgment</u>. <u>See</u> Doc. 114, pp. 5-6.

2

> During the trial, the Court vacated the portion of its order granting summary judgment to Trombi. (Doc. 182.) Vacating that part of the order meant that the 42 U.S.C. § 1983 claim for malicious prosecution could now proceed in a separate trial. The Flakes discovered, late in the first trial, graphs prepared by the Sheriff's Office and the County Attorney's Office that, they say, suggest Trombi was aware the air conditioning failed during the night. Therefore, it was no longer true that there was no evidence Trombi misled the prosecutor or the grand jury when she swore the air conditioning was on all night. *If she did so, the malice requirement under federal law would be satisfied*.

Order of May 31, 2018 (Doc. 279, p. 5, line 24 to p. 6, line 6, emphasis added).

In this case, Trombi intentionally or recklessly told the County Attorney that both a private engineering expert report and the SRP records showed that the air conditioning unit cooling the kennel at the Hughes' home was "on" and "working fine all night"—notwithstanding the substantial objective evidence to the contrary—e.g., the "expert" report by George Hogge (concluding that the A/C "very likely" "froze") and the SRP records (demonstrating that the electrical usage at the Hughes' home on the night the dogs died was consistent with the A/C's failure).

Accordingly—when explaining his decision to voluntarily dismiss the indictment against the Flakes—Maricopa County Attorney Bill Montgomery publicly acknowledged that the "theory of the case" initially presented to the grand jury "did not take into account" the fact that "there were issues with the air conditioning unit" cooling the kennel "raised in recent Defense motions." This admission demonstrates that Trombi's various material misrepresentations and omissions perverted the grand jury process into a deceptive (and hence "malicious") prosecution, as the Court acknowledged the possibility of in the Order of May 31, 2018 quoted above.

When Trombi made material misrepresentations and omissions to the County Attorney, she obviously did so with the intention of obtaining an indictment against the Flakes. After the Flakes were indicted, as a matter of course, the Superior Court entered Final Release Orders that (among other things) deprived them of their constitutional rights

3

to travel and seek gainful employment. Specifically, as a condition of their release, the Superior Court prohibited (among other things) the Flakes from leaving the state of Arizona and from having custody or control of any third-party's animal or pet. See attached Exhibit A.

"[F]reedom to travel throughout the United States has long been recognized as a basic right under the Constitution." Dunn v. Blumstein, 405 U.S. 330, 338 (1972). See also Miller v. Reed, 176 F.3d 1202, 1205 (9th Cir. 1999) ("[t]he Supreme Court has recognized a fundamental right to interstate travel"). As a proximate result of Trombi's multiple, material misrepresentations and omissions to the County Attorney, the Flakes were deprived of their fundamental constitutional right to leave Arizona at their will.

The Supreme Court of the United States has also long recognized an individual's right to engage in an occupation. See, e.g., Board of Regents v. Roth, 408 U.S. 564, 572 (1972) (recognizing that the "liberty" interest guaranteed by the Fourteenth Amendment includes the right "to engage in any of the common occupations of life"), and Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 65 n.4 (9th Cir. 1994) ("it is well-recognized that the pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations"). Based on Trombi's misrepresentations and omissions, Austin and Logan could no longer care for the pets of third-parties.

Accordingly, Trombi's repeated misrepresentations and omissions to the County Attorney proximately resulted in a deprivation without due process of the Flakes' liberty interests to travel and engage in an occupation protected by the Fourteenth Amendment to the Constitution of the United States.

4

Respectfully submitted this 3rd day of July 2018.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
Richard J. Trujillo
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorneys for Plaintiffs

I hereby certify that on July 3, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jeffrey S. Leonard
Evan F. Hiller
Sacks Tierney, P.A.
4250 North Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
Attorneys for Defendants

Stephen M. Dichter
J.P. Harrington Bisceglia
Christian Dichter & Sluga, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Counsel for Defendant Marie Trombi

_____

5