Jeffrey S. Leonard (SBN 003809)
Jeffrey.Leonard@SacksTierney.com
Evan F. Hiller (SBN 028214)
Evan.Hiller@SacksTierney.com
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
*Attorneys for Defendant Maricopa County*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Austin Flake and Logan Flake,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph Michael Arpaio; et al.,<br><br>Defendants. | No. CV-15-01132-PHX-NVW<br><br>**DEFENDANT MARICOPA COUNTY'S RESPONSE TO RULE 56(f) ORDER** |

Defendant Maricopa County (the "County"), pursuant to this Court's Order of July 6, 2018 (Doc. 304) (the "Rule 56(f) Order"), hereby responds to Plaintiffs' Response to the Court's Order of July 6, 2018 (Doc. 305). The Court should enter summary judgment against Plaintiffs.

## I. Introduction

In the Rule 56(f) Order, this Court required Plaintiffs to "show cause why summary judgment should not be entered against them for lack of evidence of each and any" of six categories of evidence, *see* Doc. 304 at 2, all of which are directed towards Plaintiffs' burden to establish the additional element of a federal malicious prosecution claim under 42 U.S.C. § 1983. Plaintiffs' legal arguments regarding a federal right to "be free from malicious prosecution" and efforts to amend their pleadings to assert a *Devereaux* claim have been addressed elsewhere (and rejected by the Court) and are not addressed here. Instead, this response focuses on Plaintiffs' failure to satisfy the Court's requirement that they present evidence to support the "purpose to deprive Plaintiffs of a federal constitutional right" element of their claims.

## II. Plaintiffs have identified no evidence that Defendant Trombi acted with the purpose of depriving Plaintiffs of any specific constitutional right.

Categories (1) through (3) addressed to Plaintiffs by the Court all seek "[e]vidence that Defendant Trombi acted with the purpose of depriving Plaintiffs of [a] federal constitutional right…." Doc. 304 at 2. Plaintiffs dedicate a substantial portion of their response to describing Deputy Trombi's purported "misrepresentations and omissions" to prosecutors. *See* Doc. 305 at 3-10. Plaintiffs dedicate the remainder of their response to detailing their alleged constitutional injuries and to explaining how those injuries were proximately caused by Trombi's actions. *See* Doc. 305 at 10-12. What Plaintiffs do not do, at any point in their response, is identify *any evidence* that Trombi's *purpose* was to cause such a denial of rights. The word "purpose" does not even appear in the response.

The closest Plaintiffs come is in footnote 3 of the response, where they state that "Trombi's Fourth Amendment violation was 'intentional' because any reasonably competent law enforcement officer would have known of the consequences of a 21 felony count indictment." Doc. 305 at 9 n.3. But this is not the standard, as discussed in considerable depth in *Neylon v. County of Inyo*, 2017 WL 999226, *5-*7 (E.D.Cal. Mar. 14, 2017):

In 1981, the Ninth Circuit held that malicious prosecution is generally not cognizable under § 1983 unless the prosecution was "conducted with the *intent* of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights." *Cline v. Brusett*, 661 F.2d 108, 112 (9th Cir. 1981) (emphasis added). *Cline*'s holding was confirmed by the Ninth Circuit *en banc* four years later in *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985).

In 1995, the Ninth Circuit changed its description of malicious prosecution. In *Freeman v. City of Santa Ana*, the Ninth Circuit explained that a § 1983 plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." 68 F.3d 1180, 1189 (9th Cir. 1995). In formulating this description

2162278.v2

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

of malicious prosecution, *Freeman* cited only *Bretz* and *Cline*. After *Freeman*, the Ninth Circuit has described § 1983 malicious prosecution in terms of an "intent to violate a constitutional right" or a "purpose to violate a constitutional right." *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 896, 919 (citing *Freeman* and *Bretz* and using both formulations); *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (using "purpose to violate" formulation); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) (using "purpose to violate" formulation); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066, 1069 (9th Cir. 2004) (citing *Freeman* and using both formulations).

Given this history, it is apparent that the Ninth Circuit uses "intent" and "purpose" interchangeably, and intent/purpose does not equal either knowledge or deliberate indifference. *Neylon*, 2017 WL 999226 at *6. Plaintiffs' "knowledge of consequences" formulation simply is not the law for federal malicious prosecution claims.[1]

Moreover, nowhere do Plaintiffs identify any *evidence* to support even this incorrect legal theory. Trombi has never testified that she knew or intended that Plaintiffs would be denied the right to travel or to tend others' pets, and Plaintiffs have offered no fact witness, expert witness, or documentary testimony regarding the knowledge of a "reasonably competent law enforcement officer." This required element of Plaintiffs' claims thus fails for lack of evidence.

## II. Plaintiffs have identified no evidence that their release conditions deprived Plaintiffs of any specific constitutional right.

Plaintiffs discuss numerous impacts that the criminal indictment had on their lives, from lost educational opportunities, to pain and suffering, to the dissolution of their marriage, to "feeling like criminals." Doc. 305 at 10-12. None of these injuries, however, respond to the Court's requirement that Plaintiffs present evidence of deprivation of their right to interstate travel or right to employment. Doc. 304 at 2.

---

[1] Plaintiffs' cited cases regarding liability for malicious prosecution, *see* Doc. 305 at 12, all predate the decision of the Ninth Circuit in *Freeman*.

3

2162278.v2

Plaintiffs do not allege that Austin Flake or Logan Brown would have sought employment as animal caretakers, if not for the release condition prohibiting them from caring for the animals of others. *See* Doc. 305 at 11 (alleging only that the release condition "made them feel like criminals").

Plaintiffs do allege that they were denied their right to travel because they would have taken an out-of-state trip to Washington D.C. to visit Austin Flake's parents "but decided not to because asking the government for 'permission' to leave the state was more than they could bear." Doc. 305 at 11. This allegation relies exclusively on Plaintiffs' newly submitted declarations that they "had to forgo [that trip] based upon the pending criminal charges against [them] because asking the court for written permission to leave was belittling and time consuming for us and our lawyer." *See* Doc. 305-2 at 41 (Logan Brown Declaration ¶ 14); *see also* Doc. 305-2 at 38 (Austin Flake Declaration ¶ 16). This new testimony is directly contrary to the facts — Plaintiffs did in fact ask for (and receive) the Court's permission to travel to Washington, D.C. *See* Minute Entries re Not Guilty Arraignment (Nov. 18, 2014), attached hereto as **Exhibits A** (Austin) **and B** (Logan). Plaintiffs have never previously disclosed or testified that they canceled, changed, or forwent any travel plans because of their release conditions. Newly disclosed declaration testimony, inconsistent with earlier testimony and disclosures and contrary to the facts, cannot support Plaintiffs' claims.

Thus, Plaintiffs have identified no evidence that they were denied their constitutional rights to travel or employment.

**VI.** **Conclusion**

Plaintiffs have not presented evidence sufficient to support their claims, and have failed to show cause why the Court should not enter summary judgment against them.

/

/

4

2162278.v2

Respectfully submitted,

DATED July 19, 2018.

SACKS TIERNEY P.A.

   */s/ Evan F. Hiller*
Jeffrey S. Leonard
Evan F. Hiller
*Attorneys for Defendant Maricopa County*

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

2162278.v2

CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Stephen Montoya
>Richard Trujillo
>MONTOYA, LUCERO & PASTOR, P.A.
>The Great American Tower
>3200 North Central Avenue, Suite 2550
>Phoenix, AZ 85012
>*Attorneys for Plaintiffs*

>Stephen M. Dichter
>J.P. Harrington Bisceglia
>Christian Dichter & Sluga, P.C.
>2700 North Central Avenue, Suite 1200
>Phoenix, Arizona 85004
>*Attorneys for Defendant Marie Trombi*

*/s/Michelle L. Curtsinger*

2162278.v2